[Nos. 21054, 21055.  *En Banc.*  June 29, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Harold Echtle, Plaintiff,* v. ERNEST M. CARD, *Respondent.*

THE STATE OF WASHINGTON, *on the Relation of Charles Sallee, Plaintiff,* v. ERNEST M. CARD, *Respondent.*[1]

[1] CRIMINAL LAW (374)—JUDGMENT—ENTRY AND RECORD—ORAL SENTENCE. An oral sentence and its suspension, made in open court without the signing or entry of judgment except the clerk's minute entry, is not conclusive on the court and does not prevent further action, in view of Rem. Comp. Stat., §§ 2187, 2190 requiring the court to enter and pronounce judgment, and the uniform practice thereunder to sign and file the judgment.

Applications filed in the supreme court December 29, 1927, for writs of certiorari to review orders of the superior court for Pierce county, Card, J., revoking prior orders of suspended sentences in criminal prosecutions. Denied.

*Lloyd & Croteau* and *L. B. Sulgrove,* for relators.

*Bertil E. Johnson* and *Edward Hofstede,* for respondent.

MITCHELL, J.—These two cases are in all respects alike and have been presented together. They have been presented upon petitions and returns in review proceedings, which, under the peculiar circumstances of the cases, we think is the proper remedy.

[1]Reported in 268 Pac. 869.

The relators, Harold Echtle and Charles Sallee, were each separately charged by information with the crime of carnally knowing a female child thirteen years of age, not his wife, on July 26, 1927. Upon being arrested, their attorneys, a deputy prosecuting attorney, and the trial judge held a conference pursuant to which the court, upon occupying the bench, received a plea of guilty from each of the defendants and thereupon orally sentenced both of them to an indeterminate term of five to fifteen years in the state reformatory at Monroe, and immediately announced that sentence would be suspended during good behavior. Neither the sentences nor the orders suspending them were reduced to writing and signed by the trial judge. The clerk made a minute of the proceedings in the journal. The defendants were allowed their freedom.

Some weeks later, the trial judge had both of them brought into court, their attorneys being present, and upon referring to the former proceedings stated that, in the meantime, the court's attention had been called to a written statement made by the defendants to some of the public officers showing that the offenses were of a much graver nature than he had supposed; that no formal sentence was entered at the former hearing nor until that date, and that the court did not now feel justified in suspending sentence. The court's views, as expressed at that time, were that the former oral sentences and orders of suspension, though taken down and entered in the journal by the clerk, were not conclusive. The court further stated that, in view of the conference prior to the oral sentences and orders of suspension, he wanted to give the defendants opportunity to withdraw their former pleas and enter pleas of not guilty, if they desired to do so. Counsel for the defendants expressed surprise and asked for reasonable time to consider the matter and probably

apply to this court for relief. The trial court refused to leave the matter open longer than two days, during which time these proceedings were commenced in this court.

It should be stated that there is no claim that either of the attorneys for the relators was at all responsible for the imposition or deception the court announced had been practiced by the relators at the conference spoken of. Counsel for the state specifically declares in open court that relators' attorneys were in no way responsible therefor.

[1] Several questions have been raised and discussed beyond the matter of primary importance in these cases. The relators contend that the original sentences orally pronounced by the trial court were valid and conclusive, and that the oral orders suspending them were binding in the absence of charge and proof of subsequent misconduct on the part of the relators. To have this court so decide was the purpose of these proceedings.

In our opinion, the oral announcements of sentence were not valid or conclusive and the other contentions become immaterial. The practice in such cases is regulated by the code, Rem. Comp. Stat., § 2187 [P. C. § 9390], provides:

"When the defendant is found guilty, the court shall render judgment accordingly and the defendant shall be liable for all costs, unless the court or jury trying the cause expressly find otherwise."

Section 2190, Rem. Comp. Stat. [P. C. § 9306], provides:

"After verdict of guilty or finding of the court against the defendant, if the judgment be not arrested or a new trial granted, the court must pronounce judgment."

These statutes have been in force since early territorial days and in practice have received a construc-

tion that cannot be departed from. The first one says "when the defendant is found guilty, the court shall render judgment," etc. In *Quareles v. Seattle,* 26 Wash. 226, 66 Pac. 389, although a civil action, the practice in this state was spoken of and it was found necessary in that case to determine when a judgment is rendered. The court said: "It is the common practice, however, for attorneys to prepare the judgment entry and hand the same to the judge for his signature," that it is then turned over to the clerk who files it, and "when the judgment was signed by the court it was rendered, and when it was filed by the clerk, became effective as a judgment."

The dissenting opinion in that case also states that when the judgment "was signed by the court it was rendered."

The second statute above quoted speaks of "verdict of guilty or finding of the court against the defendant." It is silent as to whether those things, or either of them, shall take the form of writing. Manifestly because by common consent and uniform practice it is understood that verdicts and findings are reduced to writing and signed by those who pronounce them. The statute provides that the verdict or the finding of the court against the defendant shall precede the judgment. In the present case there was no such finding at the first hearing preceding the oral decision or at all. It would not do to hold that, when the defendant is found guilty by a jury or by the court after a trial, the court must render judgment in written form, but that if he pleads guilty, then the judgment may be entered by the clerk upon oral announcement by the court. In either case, the practice in this respect should be the same and the judgment should be in writing signed by the judge.

We have often, and uniformly, held that decisions

of the court required to be in writing are not controlled by prior oral statements of the court.

We are of the opinion that the so-called oral decisions or judgments and orders of suspension at the first hearing were ineffective, and that the writs issued in these cases should be set aside and the proceedings in both cases in this court dismissed.

FULLERTON, C. J., MAIN, PARKER, BEALS, TOLMAN, ASKREN, and FRENCH, JJ., concur.

HOLCOMB, J., concurs in the result.