[No. 2029-2.    Division Two.    December 21, 1976.]

The State of Washington, *Respondent*, v. Lee Allen Drake, *Appellant*.

*Jackson H. Welch* of *Clark County Legal Defender,* for appellant.

*James E. Carty, Prosecuting Attorney,* and *Dennis M. Hunter, Deputy,* for respondent.

REED, J.—On November 29, 1974, defendant Lee Allen Drake appeared before a superior court judge in Clark County and pleaded guilty to a charge of second-degree burglary. Defendant made another appearance on January 30, 1975, at which time the judge orally announced his decision to defer sentencing for 3 years and to place defendant on probation. Among the terms and conditions of the deferred sentence was a requirement that defendant serve 120 days in the Clark County jail commencing at 9 a.m. on January 31, 1975. Drake failed to comply with that condition.

On March 28, 1975, the sentencing judge signed a written order that embodied the terms and conditions of his prior oral decision. This written order also contained a provision that purported to place the defendant on probation beginning March 28, the date the order was entered, and not

from January 30, the date the judge made his oral decision. On April 3, 1975, the prosecutor presented a motion for an order revoking the deferred sentence and for the issuance of a bench warrant; the accompanying affidavit alleged that Drake had failed to present himself at the Clark County jail as ordered, and that he had been convicted of several additional crimes subsequent to the oral sentencing of January 30. The motion was granted and the court issued a bench warrant requiring that defendant be brought before the court to show cause why his deferred sentence and probation should not be revoked. On July 29, 1975, Drake appeared again before the sentencing judge, who had before him a certified copy of California State Prison records showing that Drake had been convicted on March 20, 1975, of kidnapping, assault with a deadly weapon, and driving a vehicle without the owner's consent. The judge also examined copies of the local jail records, which indicated that the defendant had not reported to jail on January 31. At the conclusion of the proceeding, the sentencing judge orally revoked the March 28 order deferring sentence and entered a judgment committing the defendant to the custody of the Division of Institutions for a maximum term of 15 years.

Defendant Drake appeals, alleging (1) that the March 28 order deferring sentence and placing him on probation was improperly revoked, and (2) that he was sentenced twice for the same offense in violation of the prohibition against double jeopardy. We find no merit in either assignment of error, and for the reasons set forth below, the decision of the sentencing judge is affirmed.

Defendant suggests two theories in support of his argument that the March 28 order was improperly revoked. First, he contends his probation was revoked for an alleged probation violation that occurred prior to his being placed on probationary status. More specifically, Drake maintains he was not effectively placed on probation until March 28 when the order deferring his sentence was signed, and that it was therefore improper to revoke that order on the basis of his failure to report to the Clark County jail on Janu-

ary 31, which was some 57 days prior to the entry of the written order. Drake's second theory is that on March 28, the prosecution had the opportunity to litigate his nonappearance at the Clark County jail and was thereafter precluded from raising the issue by the doctrine of res judicata.

As authority for his first theory defendant cites *State ex rel. Echtle v. Card*, 148 Wash. 270, 268 P. 869, 59 A.L.R. 519 (1928). In *Echtle* the trial judge orally sentenced two defendants to 15 years in the state reformatory and then suspended the sentences during good behavior. Before the decision was reduced to writing, the trial judge received information indicating that the charges were much more serious than he had been led to believe, and for that reason he revoked the suspended sentences. On appeal the Supreme Court held that the oral pronouncement of a suspended sentence was not conclusive, that the trial judge could change his mind and revoke his oral opinion, and that decisions of the court which are required to be in writing are not controlled by prior oral statements of the court. *State ex rel. Echtle v. Card, supra* at 272-74.

*Echtle* is clearly distinguishable from the instant case; here the judge did not reverse his earlier position as in *Echtle*, but rather included the same terms and conditions in the written order as were contained in his oral deferment of sentence. *Echtle* stands for the rule that oral pronouncements with respect to sentencing are not final and conclusive, but does not support the proposition that such statements are without any effect. We think that an oral decision to defer sentencing and grant probation is operative and that its terms are binding on the parties unless those terms are subsequently superseded by a contradictory oral or written pronouncement. A written order incorporating the same terms as previously announced in such an oral decision does not constitute a new and separate determination, but rather operates to formalize and make final those terms and conditions. *Cf. State v. Mallory*, 69 Wn.2d 532, 533, 419 P.2d 324 (1966); *Ferree v. Doric Co.*,

62 Wn.2d 561, 383 P.2d 900 (1963). Because the written order here did incorporate the terms of the oral decision granting a deferred sentence, we conclude that the defendant's probationary status commenced on January 30, the date of the oral pronouncement. Accordingly, Drake's failure to report to jail and serve his 120 days was a violation occurring during the period he was on probation and it was therefore proper for the sentencing judge to consider that violation as cause to revoke the March 28 order.

Inasmuch as the granting or revoking of probation rests with the sound discretion of the trial court, revocation may be accomplished when the trial judge is furnished with evidence sufficient to reasonably satisfy the court that the probationer has breached a court-imposed condition of his probation. *State v. Kuhn*, 81 Wn.2d 648, 503 P.2d 1061 (1972); *see also* RCW 9.95.220; RCW 9.95.230; *State v. Shannon*, 60 Wn.2d 883, 376 P.2d 646 (1962). So long as the revocation proceeding comports with the standards of due process, *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973), *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed 2d 484, 92 S. Ct. 2593 (1972), and the revocation is based on evidence sufficient to reasonably satisfy the court that probation conditions have been breached, we will not find an abuse of discretion. *See State v. Kuhn, supra.* Here Drake's failure to appear at the county jail is more than sufficient to support the revocation; we find nothing in the record warranting a reversal or tending to show that the sentencing judge abused his discretion.

Several reasons also compel us to reject defendant's theory that the revocation was improper because the State had the opportunity on March 28 to litigate Drake's failure to appear at the Clark County jail and was therefore barred by res judicata from raising the issue of his nonappearance at the probation revocation hearing in July. The related doctrines of res judicata and collateral estoppel are designed to prevent subsequent litigation of claims and issues that were actually or necessarily litigated in a prior action resulting in a final determination of the merits. *See,*

*e.g., Bordeaux v. Ingersoll Rand Co.,* 71 Wn.2d 392, 429 P.2d 207 (1967); *King v. Seattle,* 84 Wn.2d 239, 525 P.2d 228 (1974). Application of either doctrine in the instant case requires us to find that the March 28 order was a final judgment on the merits. This we cannot do. In *State v. Farmer,* 39 Wn.2d 675, 237 P.2d 734 (1951), the Washington Supreme Court held that a deferred sentence is not a final judgment and that until sentence is pronounced there can be no final judgment. *See also State v. Shannon, supra* at 888.

*Curtiss v. Crooks,* 190 Wash. 43, 66 P.2d 1140 (1937), approached the question of finality in a different manner. That case noted that when a judgment excepts specified claims or reserves the right to take further proceedings with respect to certain matters, res judicata is not a bar to subsequent action on such matters. A deferred sentence describes a situation in which the pronouncement of sentence is postponed and will not be made until some future date. Explicit in the grant of a deferred sentence to defendant Drake was the court's reservation of the right to consider in the future any alleged violations of the conditions attached to his deferred sentence and probation. Accordingly, under both the *Farmer* and *Curtiss* decisions, the March 28 order deferring sentence and granting probation lacks the requisite finality to make either res judicata or collateral estoppel applicable to the facts of this case.

Drake's last contention under this assignment is that because the State had knowledge of his probation violations on March 28, it was bound to raise and argue the issue at that time. He argues that the State, having failed to avail itself of the opportunity on March 28, is thereafter foreclosed from litigating those violations. *See Walsh v. Wolff,* 32 Wn.2d 285, 201 P.2d 215 (1949). This argument is totally without merit because the events of March 28 amounted to no more than the presentation of an order to memorialize the oral pronouncement of January 30.

Defendant's second assignment of error is that he was sentenced twice in violation of the prohibition against

double jeopardy. Defendant's argument is that the March 28 order granting probation is one sentence and the July 29 order revoking the deferred sentence and imposing a 15-year jail term is a second sentence. We recognize, of course, that the Fifth Amendment provision which forbids placing an accused in double jeopardy also prevents the imposition of a second sentence after judgment has been rendered on a conviction and the sentence has been executed on the defendant. *In re Lange*, 85 U.S. (18 Wall.) 163, 21 L. Ed. 872 (1874); *United States v. Adams*, 362 F.2d 210 (6th Cir. 1966). As we have noted, the March 28 order deferring sentence and placing the defendant on probation was not a sentence executed on the defendant; by definition a deferred sentence means that sentence has yet to be pronounced. *See State v. Farmer, supra* at 679. Other jurisdictions have similarly held that neither a deferred sentence nor probation are equivalent to the imposition of sentence. *See Belle v. State*, 516 P.2d 551 (Okla. Crim. App. 1973); *State v. Wright*, 202 N.W.2d 72, 56 A.L.R.3d 916 (Iowa 1972). We find that the defendant was not placed in double jeopardy and, accordingly, the decision of the sentencing judge is affirmed.

PETRIE, C.J., and PEARSON, J., concur.