(761 P.2d 317)

No. 61,461

STATE OF KANSAS, *Appellee*, v. NORMAN WESLEY QUARLES, *Appellant.*

Opinion filed September 16, 1988.

*Thomas Jacquinot*, assistant appellate defender, and *Benjamin C. Wood*, chief appellate defender, for the appellant.

*Kenneth R. Smith*, assistant district attorney, *Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before DAVIS, P.J., BRISCOE, J., and DAVID S. KNUDSON, District Judge, assigned.

BRISCOE, J.: Defendant, Norman W. Quarles, appeals the judgment of the district court revoking his probation and imposing sentence. We affirm.

Defendant had been convicted of possession of cocaine, possession of drug paraphernalia, and conspiracy to possess cocaine. He was sentenced to five years of supervised probation with the additional conditions that he maintain employment, abstain from alcohol or illegal drugs, not associate with drug users, and submit to random urinalysis.

After defendant had been on probation for approximately six months, the State filed a motion requesting defendant to show cause why his probation should not be revoked due to his use of cocaine. At the hearing on the motion, the State encountered difficulties: the person who collected defendant's urine specimen, which had tested positive, was not present, and defendant presented evidence of a second specimen taken within 24 hours of the first which did not test positive. The court stated it was not satisfied with the evidence presented by the State, but would continue the hearing from Friday to the following Monday to receive additional evidence. The court also stated that, if sufficient additional evidence was not presented by the State, the

defendant would be discharged. At the hearing on the following Monday, the State informed the court that its witnesses were unavailable and asked that the show cause motion be withdrawn to be refiled at a later date. Counsel for defendant stated, "That's all right with us," and the court allowed the motion to be withdrawn.

A month later, a second motion to show cause was filed based on the same alleged violation and a hearing was conducted. The State produced witnesses who testified as to the custody of the urine specimen which had tested positive. An expert witness also testified concerning drug testing and the dissipation of drugs in the body. This evidence was offered to explain how a subsequent urinalysis performed on a second specimen taken within 24 hours of the first could test negative. Defendant moved for dismissal on the grounds of res judicata, arguing the matter was adjudicated at the prior hearing. The court revoked defendant's probation and scheduled a sentencing hearing, noting res judicata did not bar revocation because no decision had been made on the prior show cause motion which had been withdrawn. Defendant filed a motion for new trial arguing the court erred in denying his motion to dismiss on the grounds of res judicata and double jeopardy. The district court again found res judicata did not apply because no decision was made at the first hearing. As to double jeopardy, the court found defendant cited no authority suggesting the doctrine applied to post-judgment revocation hearings and that the court was aware of none.

Defendant contends the constitutional protection against double jeopardy is a part of the minimum due process requirements applicable to probation revocation proceedings under the Fourteenth Amendment.

In *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972), the United States Supreme Court held that minimum due process requirements apply to parole revocation proceedings. In *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973), the Supreme Court concluded there was no relevant difference between probation and parole revocation hearings and applied the same minimum due process requirements to probation revocation. See *Swope v. Musser*, 223 Kan. 133, 135, 573 P.2d 587 (1977). According to *Morrissey*, 408 U.S. at 489, minimum requirements of due process include

written notice of the claimed violations of parole, disclosure to the parolee of evidence against him, the opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses, a "neutral and detached" hearing body, and a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. The court observed, however, that revocation of parole is not part of the criminal prosecution and, therefore, the full panoply of rights due a criminal defendant in such a proceeding does not apply to parole revocations. *Morrissey*, 408 U.S. at 480.

The double jeopardy clause of the Fifth Amendment applies to the states through the Fourteenth Amendment due process clause. *Benton v. Maryland*, 395 U.S. 784, 794, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969). The double jeopardy clause protects defendants in criminal proceedings from multiple punishments or repeated prosecutions for the same offense. *United States v. Dinitz*, 424 U.S. 600, 606, 47 L. Ed. 2d 267, 96 S. Ct. 1075 (1976). The risk to which the clause refers is not present in proceedings that are not "essentially criminal." Jeopardy refers to risk most often associated with "actions intended to authorize criminal punishment to vindicate public justice." These proceedings place heavy pressures and burdens (psychological, physical, and financial) on the person charged. *Breed v. Jones*, 421 U.S. 519, 528-30, 44 L. Ed. 2d 346, 95 S. Ct. 1779 (1975).

While conceding that probation revocation proceedings are not criminal proceedings per se, defendant argues the risks in a probation revocation proceeding are similar to those faced in a criminal proceeding and, therefore, double jeopardy should apply. Although defendant asserts there are few cases addressing this issue, we have found several addressing whether double jeopardy applies to probation or parole revocation proceedings: *United States v. Miller*, 797 F.2d 336, 340 (6th Cir. 1986); *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986); *Thompson v. Reivitz*, 746 F.2d 397, 399 (7th Cir. 1984), *cert. denied* 85 L. Ed. 2d 849 (1985); *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981); *Dunn v. California Department of Corrections*, 401 F.2d 340, 342 (9th Cir. 1968); *State v. Eckley*, 34 Or. App. 563, 567-68, 579 P.2d 291 (1978); *Davenport v. State*, 574 S.W.2d 73, 75 (Tex. Crim. App. 1978); *Snajder v. State*, 74 Wis. 2d 303,

313, 246 N.W.2d 665 (1976). All but one of these cases hold that double jeopardy does not apply to parole or probation revocation proceedings. Although arguably distinguishable on the facts, only *Snajder* supports defendant's position. In *Snajder*, the court held it would be unfair to subject a parolee to a second hearing following the reversal of his parole revocation on appeal.

With the exception of *Snajder*, these courts uniformly hold that, although a defendant is at risk at a probation or parole revocation hearing, the risk does not rise to the level of being "put in jeopardy" in the constitutional sense because the revocation hearing is not equivalent to a criminal prosecution; in other words, the hearing is not a proceeding which could result in a conviction. *United States v. Miller*, 797 F.2d at 340. The purpose of a probation revocation hearing is not to punish a criminal for violation of the law, but rather to determine whether he has violated the conditions of his probation. The court's authority to revoke probation does not depend upon whether defendant's probationary conduct is criminal. *State v. Rasler*, 216 Kan. 292, 294-96, 532 P.2d 1077 (1975). Rather, the function of the court at the probation revocation hearing is to determine whether to impose or execute a sentence for an offense of which defendant has already been convicted and for which probation was granted. *Davenport*, 574 S.W.2d at 75.

We agree with the rationale of the majority of the decisions addressing this issue and hold that double jeopardy does not apply to probation revocation proceedings because probation revocation proceedings are not essentially criminal in nature. Since the purpose of the proceeding is to determine whether the probationer has violated the terms of probation, the probationer's risk does not equate to jeopardy in the constitutional sense.

Defendant also contends that due process requires application of res judicata to bar a second hearing on the issue of whether he violated his probation. Defendant argues the issue of whether he failed the drug test was adjudicated in his favor at the first hearing, barring the second hearing. The State argues that, absent a final decision in the first proceeding, res judicata does not apply.

The doctrine of res judicata is appropriate when there is an existing final judgment rendered upon the merits, obtained without fraud or collusion, by a court of competent jurisdiction.

Such judgment is conclusive of causes of actions and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other court of concurrent jurisdiction. The issue is res judicata only when there is a concurrence of: (1) identity in the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made. *In re Estate of Reed*, 233 Kan. 531, 535-36, 664 P.2d 824, *cert. denied* 404 U.S. 978 (1983).

In this case, there was no final judgment rendered on the merits at the conclusion of the hearing on the first motion to show cause. Instead, the State withdrew its motion. Absent a judgment, the second motion to show cause would not be barred. *Urban Renewal Agency v. Reed*, 211 Kan. 705, 508 P.2d 1227 (1973). The withdrawal of the motion is analogous to a voluntary dismissal without prejudice, which does not bar a subsequent action in the same claim. Restatement (Second) of Judgments § 20 (1980). In addition, there is some authority to the effect that res judicata would not be applicable to the second motion to show cause even if a final judgment were rendered on the first motion. See *Davenport*, 574 S.W.2d at 75.

Affirmed.