825 P.2d 231

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Melanie THOMAS, Defendant–Appellant.**

No. 12591.

Court of Appeals of New Mexico.

Nov. 18, 1991.

Certiorari Denied Jan. 7, 1992.

Tom Udall, Atty. Gen., Max W. Shepherd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Hollis Ann Whitson, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Judge.

■ Defendant appeals from the trial court's orders entered in two separate criminal proceedings. Finding that defendant had violated the conditions of her probation, the trial court revoked probation and resentenced defendant. The court then suspended the sentence on certain conditions. In doing so, the court granted and denied defendant credit against her sentence for certain periods of time. Defendant has briefed only one of the two issues listed in the docketing statement. The issue not briefed is deemed abandoned.

*State v. Fish,* 102 N.M. 775, 701 P.2d 374 (Ct.App.1985). The remaining issue is whether the trial court properly denied defendant credit for a certain period of time served on probation. The resolution of this issue, in turn, depends on whether or not defendant was a fugitive during all or a part of that period.

Additionally, the parties have briefed the issue concerning the appropriate disposition or remedy in the event this court determined that the trial court improperly denied credit. We hold that the trial court's finding with respect to defendant's fugitive status was error. We therefore remand with instructions to the trial court to conduct a hearing on the issue of credit and to enter an amended judgment and sentence consistent with this opinion.

## BACKGROUND

This case originated in the trial court as two separate criminal causes (referred to respectively in this opinion as Causes 1 and 2). In Cause 1, defendant pled guilty to two counts of possession with intent to distribute cocaine. The judgment and sentence in that cause sentenced her to nine years with two years mandatory parole on each count, to be served concurrently. The trial court then suspended the sentence and placed defendant on probation for five years with certain conditions. The only condition relevant to this appeal was the requirement that defendant enter and successfully complete the Delancey Street drug rehabilitation program (Delancey Street program).

In Cause 2, defendant pled guilty to one count of issuing a worthless check with intent to defraud. She was sentenced to a one-year confinement with one year mandatory parole, to be served concurrently with the sentence in Cause 1. The trial court then suspended the sentence and placed defendant on probation for one year, subject to the same conditions as in Cause 1.

Defendant signed a probation order in both causes and was apparently released from custody on September 23, 1988. On December 8, 1988, the state filed a motion to revoke her probation in each cause. The

motion alleged that defendant had violated the conditions of her probation by leaving the Delancey Street program on November 17, 1988. The motion also requested that the trial court find that defendant was a fugitive from justice and issue a warrant for her arrest. The court entered an order finding that defendant was a fugitive, and separate warrants were issued about a week apart in both causes.

More than a year later, on December 22, 1989, defendant was arrested. After several hearings, the trial court entered its order revoking probation and reimposing probation subject again to the condition that defendant enter and successfully complete the Delancey Street program. The trial court's order credited defendant for some of the time served on probation and for presentence confinement, but denied her credit for the period between November 17, 1988, the day she left the Delancey Street program, and December 22, 1989, the day she turned herself in to the San Juan County Sheriff and was arrested. It is this denial of credit that gave rise to this appeal.

DISCUSSION

I. *Was Credit Properly Denied?*

 The parties do not dispute that defendant is entitled to credit for all the time served on probation unless the trial court determined that she was a fugitive. *See* NMSA 1978, § 31–21–15(B) & (C) (Repl.Pamp.1990); *State v. Apache*, 104 N.M. 290, 720 P.2d 709 (Ct.App.1986); *State v. Kenneman*, 98 N.M. 794, 653 P.2d 170 (Ct.App.1982). With respect to Cause 1, the issue raised on appeal affects only the amount of time remaining on the nine-year sentence. However, with respect to Cause 2, the issue has jurisdictional implications because, if the entire credit was improperly denied, then defendant would necessarily be deemed to have fully served the one-year probationary term on September 23, 1989, before the trial court attempted to revoke her probation. Under that posture, the trial court would have lacked jurisdiction to revoke that term of probation. *See State v. Travarez*, 99 N.M. 309, 657 P.2d 636 (Ct.App.1983). Nonetheless,

the fact that the issue has jurisdictional implications does not necessarily allow us to consider the issue raised for the first time on appeal. *See State v. Cutnose*, 87 N.M. 307, 532 P.2d 896 (Ct.App.1974) (where jurisdictional issue depends on facts, issue appearing for the first time on appeal without factual support in the record would not be entertained).

 Because the trial court is authorized to make the "fugitive from justice" determination and to deny credit on that basis, and because defendant did not raise the issue argued on appeal in the trial court, we should address the issue in the context of fundamental, rather than jurisdictional, error. In a series of recent cases, our supreme court has expressed a preference to move away from the concept of jurisdictional error in areas that previously were called "jurisdictional" and instead, to analyze the issues under the rubric of fundamental error. *See State v. Ortega*, 112 N.M. 554, 817 P.2d 1196 (1991) (analyzing a failure to instruct on an essential element of the crime as fundamental, not jurisdictional, error); *State v. Osborne*, 111 N.M. 654, 808 P.2d 624 (1991) (fundamental error is present when the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or when the court considers it necessary to avoid a miscarriage of justice); *see also State v. Trevino*, (N.M.Ct.App.1991) [No. 12,375, filed July 2, 1991] (citing *Osborne* and indicating that the term "jurisdictional error" should be confined to instances in which the court where the error occurred was not competent to act, and that it is inappropriate to equate jurisdictional error with all instances in which error may be raised for the first time on appeal). In this appeal, the trial court was clearly authorized by Section 31–21–15(C) to determine whether defendant was a fugitive and to deny credit on that basis. Thus, we proceed to determine whether fundamental error is present in this appeal.

 The state has the burden of proving that a defendant is a fugitive within the meaning of the statute. *See Baca v. Bueno Foods*, 108 N.M. 98, 766 P.2d 1332 (Ct.

App.1988) (one who seeks relief under a statute has the burden of proving the given situation is within its terms); *see also State v. Apache* (Section 31–21–15(C) requires that the court determine, as a factual matter, that warrant could not be served); *State v. Kenneman* (implying that issue of fugitive status needs to be raised by the state in the trial court to be preserved on appeal); *State v. Murray*, 81 N.M. 445, 468 P.2d 416 (Ct.App.1970) (where record fails to show whether proper credit had been given on issue of defendant's fugitive status, defendant is entitled to an evidentiary hearing on remand, and, in the absence of such proof, defendant is entitled to credit for all the time served on probation, from the date probation commenced until the date probation was revoked). These cases suggest that the matter of denying credit when defendant is a fugitive must be raised and shown by the state. We need not decide in this appeal the form that the showing must take. *See State v. Smith*, 110 N.M. 534, 797 P.2d 984 (Ct.App.1990) (where defendant did not call to the trial court's attention the lack of formal evidence, appellate court would not decide the question of whether formal evidence was required to prove factual basis for enhanced sentence). In this appeal there was an insufficient showing that defendant was a fugitive.

■ A probationer is a fugitive within the meaning of the statute if the trial court finds that "a warrant for [his or her] return ... cannot be served...." Section 31–21–15(C); *State v. Apache.* A bare showing that the warrant was issued but not served is not sufficient to establish that a probationer is a fugitive. Instead, we believe the state is required, at a minimum, to show that the state attempted to serve the warrant but was unable to or that it would have failed to serve the warrant if it had attempted to do so. *See State v. Apache* (officer testified that standard procedures were followed and bulletins were sent to city of defendant's last known address and to the National Crime Information Center); *cf. State v. Murray* (warrant should be promptly executed against a probation violator while location is known or

could be known with due diligence and whose return is possible).

■ Defendant argues that the only finding of record that bears on defendant's fugitive status is in the state's motion (requesting the issuance of a warrant for defendant's arrest) and the order issued as a result of that motion, which expressly finds defendant to be a fugitive. The state concedes that the finding made in the order is not binding on defendant because the order was issued in ex parte proceedings. *See State v. Apache* (holding that the judicial determination of fugitive status must be made only after the probationer has been found and brought before the court, regardless of whether this occurs before or after the date on which probation was originally to have expired). We agree with the state's concession and disregard the finding contained in the trial court's order. On the other hand, we disagree with defendant's implied assertion that the determination of fugitive status cannot be made after the date originally set for the expiration of probation. *See id.*

■ The lack of an explicit, expressed finding that defendant was a fugitive is not, by itself, reversible error. *See State v. McDonald*, 113 N.M. 305, 825 P.2d 238 (Ct.App.1991); *State v. Baca*, 101 N.M. 415, 683 P.2d 970 (Ct.App.1984) (formal finding of guilt is not necessary when trial court accepts plea and orders presentence report). The issue on appeal is not whether the formal finding was made, but whether the finding that is implicit in the trial court's actions is supported by the required showing. *See State v. Baca; State v. Garcia*, 98 N.M. 186, 646 P.2d 1250 (Ct.App. 1982). Consequently we must examine the record to determine whether there was a sufficient showing to support the trial court's implicit finding that the warrant could not be served on defendant.

■ The evidence before the trial court on this issue was as follows. Defendant, testifying at the hearing held on June 1, 1990, admitted that she had violated the conditions of her probation by leaving the Delancey Street program in November of

1988. When she left the program, she went to Durango, Colorado, where she found employment. While there, defendant contacted the director of the Delancey Street program. It is not clear from the record whether she told the director where she was and whether he contacted her probation officer to tell him that defendant had contacted him.

In any event, in February of 1989, she returned to Farmington, called the local probation officer, and discovered that she had a new probation officer. The probation officer incorrectly informed her that she would have to go to prison for eighteen years for violating her probation and that she should turn herself in immediately. Hearing this, defendant lied to him, telling him that she was "snowed in" in Colorado and could not travel to Farmington. Following that discussion, defendant apparently stayed in Farmington. Defendant also testified that the director of the Delancey Street program wrote to her on October 5, 1989, asking her if she wanted to return to the program. Defendant replied, declining the invitation. From the record, we cannot determine the address to which the director mailed the letter or, for that matter, from what address defendant replied. Nor can we ascertain whether, after this correspondence, the director contacted defendant's probation officer.

These facts were the only showing presented to the trial court in connection with defendant's whereabouts from the time she left the Delancey Street program until she was arrested. We must determine whether these facts were sufficient to support the trial court's implied finding that defendant was a fugitive. To do so, we must resolve all disputed facts in favor of the trial court's decision, indulge all reasonable inferences in support of that decision, and disregard all inferences to the contrary. *State v. Apache.* Applying this standard, we hold that the trial court's determination that defendant was a fugitive during the period in question was not sufficiently supported by the matters shown to the trial court.

The record in this appeal does not show that the state made any showing whatsoever concerning its efforts to serve the arrest warrant on defendant. If this court were to uphold the trial court's determination of defendant's fugitive status in this appeal, we would essentially be ruling that the mere issuance of a warrant, coupled with a lack of service, for whatever reason, raises a reasonable inference that the warrant could not be served with reasonable diligence. We decline to so hold.

The state relies on *Apache*, arguing that that case is similar factually to this appeal. We disagree because, in *Apache*, there was specific evidence of record concerning the state's efforts to locate the defendant: testimony from the probation officer concerning attempts to locate defendant either at his sister's house or at his last known address; a police officer's testimony that, after the warrant was issued, a bulletin was sent to the most recent address available for defendant, and, when no response was received, a second bulletin was sent to the same town six months later. Additionally, the officer testified that the warrant was listed with the National Crime Information Center. In *Apache*, defendant's argument on appeal was only that the evidence was insufficient because there was no testimony that the bulletin was received in the town to which it was sent. By contrast, here, there was absolutely no showing concerning what efforts, if any, were made to locate defendant or to serve the warrant at any time during a period exceeding one year.

## II. *What is the Appropriate Remedy?*

Having concluded that there was an insufficient showing to support the trial court's finding, we must now determine the appropriate remedy. Defendant proposes that we simply remand to the trial court with express instructions to enter an amended judgment and sentence that essentially gives her full credit for the subject period. In support of her proposal, defendant relies on *State v. Kenneman*, as well as on principles of double jeopardy. The state contends that *Kenneman* is distinguishable and that double jeopardy does

not apply to prevent redetermination of the issue of credit against the sentence. The state also argues that the principle of collateral estoppel would not bar relitigation of the credit issue. However, because defendant has not argued collateral estoppel, we need not address that issue.

We first address defendant's reliance on *Kenneman*. There, the defendant argued that the trial court had incorrectly denied him fourteen days of credit against his sentence. The state conceded on appeal that the denial of credit for that period of time was incorrect. The state argued, however, that the case should be remanded for a redetermination of the defendant's fugitive status. Defendant correctly notes that, instead, this court remanded the case with instructions that the trial court add fourteen days to the credit for time served. Defendant argues that our holding in *Kenneman* was based on the fact that the state had not raised the issue of the defendant's fugitive status in the trial court. Defendant reasons that, because the state did not raise the issue in this appeal as well, the proper remedy here would be to remand with instructions to give defendant credit for the period of time for which there was no affirmative showing of her fugitive status. However, as a close reading of our opinion in *Kenneman* makes clear, our concern there was directed to the issue concerning relitigation of the credit and not to whether the issue of fugitive status was raised below. *Kenneman* did not hold that the state could not relitigate the issue of credit; instead, we did not reach that issue. *Id.* 98 N.M. at 798, 653 P.2d at 174. In contrast, in this appeal, the parties have fully briefed the issue and it is clear that the question will resurface on remand if not addressed at this juncture. Thus, we believe that considerations of judicial economy make it necessary to resolve the issue at this time.

■ Defendant next contends that the constitutional prohibition against double jeopardy prohibits relitigation of the credit issue. We disagree. In *State v. Linam*, 93 N.M. 307, 600 P.2d 253, *cert. denied*, 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979), our supreme court held that a habitual proceeding involved only sentencing considerations and not the trial of an offense. The court then remanded that case for a new hearing on the habitual criminal proceeding. Similarly, in this appeal, the issue of proper credit against the sentence is clearly a sentencing issue rather than one involving the trial of an offense. For that reason, we do not believe that double jeopardy bars relitigation of the issue of the appropriate credit to be given defendant against her sentence. *Accord Paul v. State*, 560 P.2d 754 (Alaska 1977); *In re Coughlin*, 16 Cal.3d 52, 545 P.2d 249, 127 Cal.Rptr. 337 (1976) (en banc); *State v. Chapman*, 111 Idaho 149, 721 P.2d 1248 (1986); *State v. Quarles*, 13 Kan.App.2d 51, 761 P.2d 317 (1988); *Marutzky v. State*, 514 P.2d 430 (Okla.Crim.App.1973); *State v. Eckley*, 34 Or.App. 563, 579 P.2d 291 (1978); *Cisneros v. State*, 697 S.W.2d 718 (Tex.App.1985); *Davenport v. State*, 574 S.W.2d 73 (Tex.Crim.App.1978) (en banc); *State v. Drake*, 16 Wash.App. 559, 558 P.2d 828 (1976).

## CONCLUSION

We hold that the showing made to the trial court did not support the court's implicit finding of defendant's fugitive status. Additionally, we conclude that the proper remedy under the facts of this appeal is to remand for a hearing limited to the issue of the proper credit to be given against the sentence based on a determination of when, if at all, the warrant could not be served on defendant. On remand, the trial court shall conduct further proceedings, including a hearing, and shall enter an amended judgment and sentence containing specific findings and conclusions on the issues relating to the credit to which defendant is entitled. The amended judgment and sentence shall also contain appropriate findings and conclusions on the issue of whether defendant's one-year period of probation in Cause 2 (Cr. No. 87–347–3) had expired before the trial court revoked her probation. If such period had expired, the trial court shall enter an appropriate order in Cause 2.

IT IS SO ORDERED.

PICKARD, J., concurs.

HARTZ, J., specially concurring.

HARTZ, Judge, specially concurring.

I concur in the result.

A defendant who questions the factual support for a denial of credit pursuant to NMSA 1978, Section 31–21–15(C) "is entitled to an evidentiary hearing on the question of the propriety of the credit given." *State v. Murray,* 81 N.M. 445, 449, 468 P.2d 416, 420 (Ct.App.1970). The issue in this case is whether Defendant can raise the question for the first time on appeal. On this record, I believe that she can.

The rule of appellate procedure governing the preservation of questions for review provides, "[I]f a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." SCRA 1986, 12–216(A). I would hold that Defendant did not have such an opportunity.

No one mentioned Section 31–21–15(C) at the revocation hearing. Although statements were made that may have been relevant to that statutory provision (such as the prosecutor's statement that Defendant had been hiding in Colorado for several months), those statements were directed at Defendant's suitability for probation, not to whether the requirements of Section 31–21–15(C) had been met. Even when the judge gave his ruling from the bench, he did not refer to the section, nor did he make any mention of credit for probation time.

As far as the record reflects, the only possible notice to Defendant that the section was at issue was the language in the state's motion requesting that a warrant issue for her arrest. In my view, that motion, filed more than a year before the revocation hearing, was not adequate notice that Section 31–21–15(C) was to be considered at the revocation hearing.

Thus, prior to the filing of the district court's sentence, Defendant did not have a fair opportunity to object to the district court's denial of probation credit pursuant to Section 31–21–15(C). Perhaps it would have been better if Defendant had prompt-ly moved for reconsideration of the sentence, but the above-quoted language of Appellate Rule 12–216(A) would be meaningless if the failure to raise the issue by post-judgment motion precluded appellate review.

I do not join in the majority's application of fundamental-error doctrine because ordinarily we should not review a claim such as Defendant's if the Defendant had the opportunity to raise the question in district court. Aside from the usual reasons not to consider a question newly raised on appeal, there is a particular risk of sandbagging when the question is the applicability of Section 31–21–15(C). At sentencing proceedings the chief function of counsel is to appeal to the discretion of the court rather than to prove or disprove the occurrence of specific events. Defense counsel may find it tactically unwise to present a challenge on every possible issue. In this context we should not permit defense counsel to await the appeal before calling for an evidentiary hearing.

For example, the argument at Defendant's revocation hearing was directed to whether Defendant should be sent to jail for a lengthy period or be given another opportunity to avoid incarceration. Defense counsel may not have wanted to dilute the force of the argument in Defendant's favor by directing attention to Defendant's evasion of her probation officer during the months after the arrest warrant was issued, particularly if defense counsel knew from sources outside the record (such as a conversation with the prosecutor) that the state could establish to the court's satisfaction that Defendant had been a fugitive during the pertinent period. Or defense counsel, in making a pitch for probation rather than incarceration, may not have wanted to highlight any limitation on the time remaining for probation. Therefore, in this case if Defendant had clearly been on notice that either the state was seeking or the court was considering the application of Section 31–21–15(C), I would not consider a challenge raised for the first time on appeal concerning whether there

was a sufficient showing of Defendant's status as a fugitive.

On this record, however, we cannot know whether defense counsel would have decided not to challenge the applicability of Section 31–21–15(C). In the absence of a fair opportunity for Defendant to raise the question in district court, the proper disposition is to remand for an evidentiary hearing. I agree with the majority that such remand does not violate the constitutional prohibition against subjecting a defendant to double jeopardy.