This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                                 **NO. 29,067**

**LUCIANO TORRES,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals from the district court's revocation of his probation. Defendant raises several issues on appeal: (1) the district court did not have jurisdiction to hear the State's allegation that Defendant had violated his probation because the hearing was held after Defendant completed his probationary term; (2) the district court erred in concluding that he was a fugitive during his probationary period; (3) his due process right was violated when the court heard evidence relating to allegations not contained in the violation reports and then determined he had violated his probation based on that evidence; and (4) his due process and confrontation rights were violated when the court allowed the State to call a witness not disclosed on the State's witness list and when the court allowed her to testify to hearsay. The dispositive issue is whether the State presented substantial evidence to prove that Defendant was a fugitive. We conclude that the State failed to present such evidence, and consequently, the district court erred in determining Defendant was a fugitive, in revoking his conditional discharge, and in issuing an unsatisfactory discharge from probation. We reverse and remand.

**BACKGROUND**

On April 17, 2006, Defendant pled guilty to one count of contributing to the delinquency of a minor. The court entered an order of conditional discharge and placed Defendant on probation for a period of one year, five months, and twenty-nine

2

days. As part of his probation, Defendant had to submit to drug tests. In August 2007, Defendant submitted a urine sample. Defendant's probation officer believed the sample had been tampered with, and he asked Defendant to repeat the test. Upon the request, Defendant ran out of the probation office.

The day after this incident, Defendant's probation officer went to Defendant's father's house, which Defendant had listed as his residence. When the probation officer arrived at the residence, Defendant's father told the officer that Defendant was not there. The officer asked Defendant's father to tell Defendant that he had twenty-four hours to report to her or there would be a bench warrant issued for his arrest. The probation officer did not hear from Defendant, and a bench warrant for Defendant was issued on September 6, 2007. Shortly thereafter, the State filed a motion to revoke Defendant's probation. The probation officer made no effort to serve the warrant. Additionally, the warrant was never entered into the NCIC database.

On July 21, 2008, over two years after Defendant's original probationary sentence, Defendant was arrested on other charges. A hearing was held on September 17, 2008 on the State's motion to revoke probation. The State asked the district court to revoke Defendant's conditional discharge, sentence him to serve the remainder of his original eighteen month sentence, and give him an unsatisfactory discharge from probation. At the hearing, Defendant argued that he had served all of his time on

3

probation and that the court no longer had jurisdiction to hear the matter. He further argued that the State had not proven that Defendant was a fugitive because no attempt was made to serve him with the warrant. Therefore, he asserted that the facts in this case were insufficient for the district court to find that he was a fugitive and add additional time to his sentence. The district court found that it had jurisdiction. The court also found that Defendant violated the terms and conditions of his probation and had absconded. The court ordered Defendant into custody for fifty-four days, revoked Defendant's conditional discharge, and issued an unsatisfactory discharge from probation. This appeal followed.

**ANALYSIS**

**Mootness**

We begin by addressing the State's argument that Defendant's appeal is moot. "Generally, appellate courts do not decide moot cases." *State v. Jose S.*, 2007-NMCA-146, ¶ 23, 142 N.M. 829, 171 P.3d 768. "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764. The State contends that there is no actual controversy because Defendant's "claims are limited to the revocation of probation and [Defendant] has completed the sentence for violating his probation." We disagree.

4

Defendant's appeal involves not only the revocation of his probation but also the revocation of his conditional discharge. Subsequent to Defendant's guilty plea, the district court entered an order of conditional discharge and placed Defendant on eighteen months of probation. *See* NMSA 1978, § 31-20-13(A) (1994). The order stated that there would be no adjudication of guilt and that further proceedings were deferred. The district court later found that Defendant had violated his probation and revoked Defendant's conditional discharge. Defendant was also sentenced to additional time in custody and received an unsatisfactory discharge from probation.

Under a conditional discharge, there is no adjudication of guilt. Once Defendant's conditional discharge was revoked, he became subject to all of the collateral consequences associated with a felony conviction. *See* § 31-20-13(B); *Sergio B.*, 2002-NMCA-070, ¶ 10. Since Defendant can still receive his conditional discharge if the district court erred, Defendant's appeal is not moot.

**Defendant's Arguments**

First, we must consider whether the State presented sufficient evidence to prove that Defendant was a fugitive during his probationary period. The district court found that Defendant was an absconder and refused to credit him for time served while on probation. We review the district court's finding under NMSA 1978, Section 31-21-15(C) (1989) for substantial evidence. *See State v. Apache*, 104 N.M. 290, 292, 720

P.2d 709, 711 (Ct. App. 1986); *see also State v. Jimenez*, 2004-NMSC-012, ¶ 14, 135 N.M. 442, 90 P.3d 461 ("On appeal, the district court's decision regarding whether the defendant is entitled to credit or is instead a fugitive will be affirmed only if the decision is supported by substantial evidence."). Under this review, "all disputed facts are resolved in favor of the decision below, all reasonable inferences are indulged in support of that decision, and all inferences to the contrary are disregarded." *Apache*, 104 N.M. at 292, 720 P.2d at 711.

Preliminarily, Defendant argues that because the probation revocation hearing was held after Defendant's probationary period had expired, the district court no longer had jurisdiction to consider the matter. Defendant is correct that "[a]s a general matter, . . . a court has no jurisdiction to revoke probation after the probationary term has been served." *State v. Neal*, 2007-NMCA-086, ¶ 17, 142 N.M. 487, 167 P.3d 935. However, there is an exception for defendants who have been fugitives during the probationary period because the probationary period tolls while a defendant is in fugitive status. *See Apache*, 104 N.M. at 291-92, 720 P.2d at 710-11 (holding that "the judicial determination of fugitive status shall be made only after the probationer has been found and brought before the court, regardless of whether this occurs before or after the date on which probation was originally to have expired"). It would be contrary to the legislative intent of Section 31-21-15(C) and a violation of due process

6

to require the state to hold a probation revocation hearing and determine fugitive status while a defendant is not present. *Apache*, 104 N.M. at 292, 720 P.2d at 711. Pursuant to *Apache*, the district court maintained jurisdiction over Defendant to determine whether he was a fugitive during a portion of his probation. *See id.* Accordingly, the district court properly conducted the probation revocation hearing where Defendant's original probationary period would have ended unless tolling was found to apply by the court.

We now consider the merits of Defendant's argument that the district court erred in determining that he was a fugitive and revoking his probation. A defendant "is entitled to credit for all the time served on probation unless the [district] court determined that [the defendant] was a fugitive" while on probation. *State v. Thomas*, 113 N.M. 298, 300, 825 P.2d 231, 233 (Ct. App. 1991), *overruled on other grounds by Jimenez*, 2004-NMSC-012, ¶ 11; *see* § 31-21-15(B), (C); *Jimenez*, 2004-NMSC-012, ¶ 8; *Neal*, 2007-NMCA-086, ¶ 30. "The state has the burden of proving that a defendant is a fugitive within the meaning of the statute." *Thomas*, 113 N.M. at 300, 825 P.2d at 233. Under Section 31-21-15(C), a defendant is a fugitive if a bench warrant cannot be served. To prove that a defendant is a fugitive, the state is required to show "either (1) it unsuccessfully attempted to serve the warrant on the defendant *or* (2) any attempt to serve the defendant would have been futile." *Jimenez*, 2004-

7

NMSC-012, ¶ 8. "Our cases have made it clear that the state must ordinarily prove that it issued a warrant for the [defendant's] arrest and entered it in the National Crime Information Center (NCIC) database in order to support a finding of fugitive status." *Neal*, 2007-NMCA-086, ¶ 31.

In *Neal*, the state failed to prove that the defendant was a fugitive when the state obtained the bench warrant, and entered it into the NCIC database, but the state never attempted to serve the defendant with the warrant or prove that his location was unknown. *Id.* ¶¶ 32-34. In *Jimenez*, the defendant was not a fugitive when the state obtained a bench warrant but failed to attempt to serve the warrant or enter it into the NCIC database. 2004-NMSC-012, ¶¶ 3, 15. In *Thomas*, the state presented insufficient evidence to prove the defendant was a fugitive where there was no evidence that the warrant was entered into the NCIC database or that an effort was made to locate and serve the defendant. 113 N.M. at 302, 825 P.2d at 235.

The present case is similar to *Neal*, *Jimenez*, and *Thomas*. After the issuance of the warrant, no efforts were made to locate Defendant or to serve him with the warrant. The State did not enter the warrant in the NCIC database. *See Jimenez*, 2004-NMSC-012, ¶ 15 (noting that the state's failure to enter the warrant into the NCIC database "weigh[ed] heavily against a finding that the [s]tate acted with due diligence" in attempting to serve a warrant to a defendant on probation). The district

8

court erred in finding that it would have been futile to attempt to serve Defendant and that he was a fugitive because the State failed to enter the warrant into the NCIC database and failed to make any effort to locate Defendant once the warrant was issued. Defendant's probation officer's single conversation with Defendant's father before the warrant was issued is insufficient to show reasonable efforts on the part of the State to locate Defendant and issue the warrant. Consequently, Defendant could not be found to be a fugitive when no effort had been made to locate him after the warrant has been issued. The district court erred in determining that Defendant was a fugitive and in ruling on the State's motion to revoke probation that was premised upon the tolling of Defendant's probationary period.

The State contends that the evidence presented was sufficient to prove that any attempt to serve the warrant on Defendant would have been futile and attempts to analogize this case to the facts in *Apache*, 104 N.M. 290, 720 P.2d 709. We are not persuaded. In *Apache* the state made efforts to locate the defendant. *Id.* at 291, 720 P.2d at 710. Prior to the issuance of the bench warrant, the probation officer attempted to locate the defendant at the defendant's sister's house where the defendant said he was staying and at a hotel, which the officer believed was the defendant's last known residence. *Id.* After the warrant was issued, the warrant officer followed standard procedures by sending two bulletins six months apart to the defendant's most

9

recent address on file with the department, and he listed the warrant with the NCIC database. *Id.* The efforts in *Apache*, unlike in this case, demonstrated that the state had attempted to serve the warrant on the defendant.

Additionally, the State argues that if Defendant is correct in his assertion that his fugitive status was not proven at the hearing then the proper remedy is to remand the case to the district court to determine the proper credit to be given against the sentence. We disagree. The facts are undisputed that Defendant's probationary period was scheduled to end well before he was brought before the district court on July 21, 2008. A tolling of the probationary period was the stated basis for retaining jurisdiction to revoke probation. Thus, a recalculation of Defendant's proper credit for time served on his original probation is unnecessary. Once the State failed to prove that Defendant had been a fugitive during the final portion of his probation, it effectively conceded that jurisdiction to revoke probation was lost. Therefore, the district court no longer had jurisdiction over Defendant. *See Neal*, 2007-NMCA-086, ¶ 17; *State v. Lara*, 2000-NMCA-073, ¶ 12, 129 N.M. 391, 9 P.3d 74 ("[T]he [district] court is without jurisdiction to enter an order of unsatisfactory completion after the probation period ends."). We reverse and remand the case to the district court to reinstate Defendant's conditional discharge and to issue a certificate of satisfactory completion of probation. Since we are reversing on this issue, Defendant's other

arguments are now moot, and we decline to address them.

**CONCLUSION**

The State failed to prove that Defendant was a fugitive during his probationary period. Since the State failed to meet its burden and Defendant's probation period had ended prior to the probation revocation hearing, the district court no longer had jurisdiction to determine that Defendant violated his probation. The district court erred when it granted the motion to revoke probation after the probationary period expired. We therefore remand to the district court to reinstate Defendant's conditional discharge and to issue a certification of satisfactory completion of probation.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**