This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                **NO.  30,471**

**TROY HALL,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

In this case involving common sentencing concerns between two criminal cases, Troy Hall (Defendant) argues that he received an illegal sentence as the result of mischaracterizations and miscalculations at his probation revocation and resentencing hearings. Defendant also contends that he was wrongly deprived of credit for time spent on probation because the district court improperly determined that he was absconding from probation. Since Defendant's probation was improperly tolled, resulting in Defendant not being credited for time served on probation, we conclude that his sentence is illegal and in need of recalculation on remand.

## I.   BACKGROUND

Defendant was sentenced contemporaneously for two criminal cases that we delineate by their case numbers, CR-1069 and CR-590. Defendant was sentenced to incarceration followed by probation/parole on CR-1069 with his sentence in CR-590 to run consecutive to his imprisonment for the former case. That is the apparent end of any clear determination of Defendant's sentence in this case. The record is a mix of orders, amended orders, and assumptions based on a blend of the two cases, causing much confusion as to what happened while he was in and out of custody and on and off of probation and parole.

As Defendant's sentence progressed, the district court convened hearings that produced several orders, changing his obligations. The State agrees "that a remand

2

to the district court for a determination of the amount of probation credit to which Defendant is entitled is a proper remedy." Because Defendant is entitled to the restoration of some credit for time on probation, we reverse the district court and remand for further proceedings and accurate calculations as to his total obligations to the State on these two cases. This being a memorandum opinion, we will discuss the facts in more detail as necessary in our discussion of the issues.

## II.    DISCUSSION

At issue is whether, under NMSA 1978, Section 31-21-15(C) (1989), Defendant was a "fugitive" and is thus not "entitled to probation credit from the date of the violation to the date of arrest." *State v. Neal*, 2007-NMCA-086, ¶ 30, 142 N.M. 487, 167 P.3d 935. Section 31-21-15(C) states:

> If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. After hearing upon return, if it appears that he has violated the provisions of his release, the court shall determine whether the time from the date of violation to the date of his arrest, or any part of it, shall be counted as time served on probation.

The State bears the burden of establishing fugitive status. *State v. Thomas*, 113 N.M. 298, 300, 825 P.2d 231, 233 (Ct. App. 1991), *overruled on other grounds by State v. Jimenez*, 2004-NMSC-012, ¶ 11, 135 N.M. 442, 90 P.3d 461. Thus, under Section 31-21-15(C), the State must prove, and the court must find, that the warrant for the probation violation is unable to be served before Defendant can be regarded as a

fugitive from justice, leading to the hearing to be held upon his return. "Our cases have made it clear that the state must ordinarily prove that it issued a warrant for the probationer's arrest and entered it in the National Crime Information Center (NCIC) database in order to support a finding of fugitive status." *Neal*, 2007-NMCA-086, ¶ 31.

Here, a warrant was issued on September 27, 2007, for Defendant's arrest, following his absconding from probation on August 18, 2007, after admitting drug use. But the warrant was never entered into the NCIC database; a problem not recognized or remedied until January 28, 2008. On this date, the State filed a motion to re-issue the bench warrant, nunc pro tunc, to September 27, 2007. The motion was granted, and the warrant was issued, nunc pro tunc, on January 29. We need not take a position on the efficacy of the nunc pro tunc part of the district court's action. *See Mora v. Martinez*, 80 N.M. 88, 89, 451 P.2d 992, 993 (1969) ("[N]unc pro tunc has reference to the making of an entry now, of something which was actually previously done, so as to have it effective as of the earlier date.").

Defendant was arrested two days after the second warrant was issued and entered in NCIC. He appeared before the district court, which simply found that "Defendant was an absconder from August 16, 2007, through January 31, 2008." (Emphasis omitted.) The State does not direct us to any evidence given to satisfy

Section 31-21-15(C), save that "[b]ecause Defendant admitted to absconding from supervision, there was no need for the district court judge to make findings that Defendant was a fugitive." We conclude that this is insufficient.

First, we note that to the extent that the warrant was issued nunc pro tunc in January, it was insufficient to meet the State's burden because the warrant was never served on Defendant until after January 28, 2008. *See Neal*, 2007-NMCA-086, ¶ 30 (holding that "[a] defendant is entitled to credit for any time on probation, unless the [s]tate can show either (1) it unsuccessfully attempted to serve the warrant on the defendant *or* (2) any attempt to serve the defendant would have been futile") (internal quotation marks and citation omitted). Furthermore, Defendant's admission is insufficient to conclude that he was a fugitive. Under similar circumstances in *Thomas*, 113 N.M. at 302, 825 P.2d at 235, we held that the defendant was not a fugitive, despite her admission that she absconded from supervision because the mere issuance of a warrant without any evidence that the warrant was entered in the NCIC database and without a showing that the state made any effort to locate or serve the defendant was insufficient to satisfy the statute. Thus, contrary to the State's assertion, mere admission of absconding from supervision did not render Defendant a fugitive for purposes of Section 31-21-15(C) and does not serve to automatically toll his time on probation.

It is clear from the record that the warrant was not entered into NCIC when it was issued and, thus, there is insufficient evidence to show Defendant was a fugitive under the statute. We conclude that the State has failed to meet its burden to prove that it attempted to serve the warrant on Defendant or that any attempt would have been futile.

**III.   CONCLUSION**

Thus, tolling the time during which Defendant was an absconder was improper and Defendant should have received credit for time on probation from July 16, 2007 through June 28, 2008. Since this time was not properly credited to Defendant through subsequent court orders, including the order clarifying credit entered by the district court on December 23, 2009, his sentence was not properly calculated. We reverse and remand for a proper calculation of Defendant's remaining obligations under his sentence.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

6

_____

**JAMES J. WECHSLER, Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**