797 P.2d 984

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Franklin SMITH, Defendant–Appellant.**

No. 11500.

Court of Appeals of New Mexico.

July 19, 1990.

Certiorari Denied Sept. 6, 1990.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant pleaded guilty to robbery. When the court accepted his plea, the court informed defendant the permissible sentence would range from two to four years, depending on whether the court found aggravating or mitigating circumstances. At the sentencing hearing, the state sought to enhance defendant's sentence on the basis of NMSA 1978, Section 31–18–16.1 (Repl. Pamp.1987). That section requires basic sentences to be enhanced by one year if defendant injures a person sixty years old or older in the commission of his crime, and by two years if the injury amounts to great bodily harm. The prosecutor orally represented to the court that when defendant's companion forcibly removed a ring from the 84–year–old victim, part of the victim's finger was torn away. Defendant objected to any enhancement of which he had no notice and argued that neither defendant nor his companion intended to injure the victim. The court sentenced defendant to three years as a basic sentence and two years pursuant to Section 31–18–16.1(A)(2). Defendant appeals and we reverse.

■ Defendant contends, and the state agrees, that defendant was entitled to notice of the state's intent to seek enhancement. Cf. State v. Stout, 96 N.M. 29, 627 P.2d 871 (1981) (second conviction of armed robbery); State v. Morton, 107 N.M. 478, 760 P.2d 170 (Ct.App.1988) (aggravating circumstances for death penalty); State v. Barreras, 88 N.M. 52, 536 P.2d 1108 (Ct. App.1975) (firearm enhancement). Because defendant was not given such notice, this case must be reversed.

■ The real issues in this case, however, concern allowable procedure on remand. Defendant contends that the proper remedy is to remand this case with instructions to enter only the basic sentence. His contentions are: (1) the court was required to make its finding pursuant to Section 31–18–16.1 when it adjudicated him guilty by accepting his plea; (2) he should have been notified of the state's intent to seek the enhancement before he entered his plea; (3) there was insufficient evidence in the form of sworn testimony of witnesses or exhibits to support any finding whatsoever; and (4) the representations of the prosecutor were insufficient as a matter of law to invoke the old-age enhancement. We disagree that these contentions require defendant to be sentenced only for the basic robbery.

We have long been committed to the general rule that remedies should be tailored to the injury suffered from the violation. See State v. Pedroncelli, 97 N.M. 190, 637 P.2d 1245 (Ct.App.1981). Most recently, in State v. Post, 109 N.M. 177, 783 P.2d 487 (Ct.App.1989), we adopted the rationale of Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). In that case, the Supreme Court corrected an error by putting the parties back in the position they would have been had the error not been made. Although Post and Nelson involved the erroneous admission of evidence without which the evidence at trial would have been insufficient, the remedy in those cases was to remand for a new trial. Compare Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (when case is reversed on the sole ground that the evidence is insufficient, double jeopardy bars retrial), with Lockhart v. Nelson (retrial permitted when case is reversed because of trial error even if that results in insufficient evidence). Applying these principles to this case, there are several reasons why the state should be permitted to seek the old-age enhancement.

Defendant contends that because he had already pleaded guilty, he was entitled to the benefit of his plea and the court's ad-

vice to him that the penalty would be between two and four years. Apart from the fact. that defendant cites no authority for this contention, *see In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984), and apart from the fact that it was not raised in the trial court, *see* SCRA 1986, 12–216, we do not believe that the law calls for "specific performance" of what defendant thought he would get by pleading guilty under the circumstances of this case.

We note there was no plea agreement. Thus, there was no agreement to enforce or not enforce. If a defendant's plea of guilty is not voluntary because he is erroneously informed of the consequences, our supreme court has ruled the correct remedy is to allow him to withdraw it. *See State v. Sisneros,* 98 N.M. 201, 647 P.2d 403 (1982). The state does not object to allowing defendant to withdraw his plea should he choose to do so.

■ Even had there been a plea agreement whereby defendant agreed to plead guilty and the state agreed to a three-year sentence, we doubt that defendant would be entitled to specific performance upon the state's breach of its part of the agreement under the circumstances of this case. The remedy approved by the majority of other states allows returning defendant to his earlier position. J. Bond, *Plea Bargaining and Guilty Pleas,* § 7.19 2d ed. (1982). In New York, for example, the remedy of either allowing vacation of the plea or specific performance of the plea agreement is in the discretion of the judge. *People v. McConnell,* 49 N.Y.2d 340, 425 N.Y.S.2d 794, 402 N.E.2d 133 (1980). Specific performance will be required when vacation of the plea will not put defendant back into his earlier position as, for example, where defendant has already lived up to his end of the bargain by testifying against co-defendants. *Id.* In such a case, defendant has reached the point of no return and specific performance is required. *Id.* In this case, there is nothing in the record to support that defendant has done anything in reliance on his plea. Thus, he will not be harmed by returning him to his position prior to his plea.

■ Defendant contends that, because he had already pled guilty and the court had adjudicated him guilty, the state was not permitted to notify him it would seek enhancement and the court was not permitted to enter the finding required by Section 31–18–16.1. Again, no authority is cited for this proposition. *See In re Adoption of Doe.* More importantly, however, we do not believe this precludes the state from seeking enhancement or the court from enhancing in a proper proceeding. In *Morton,* relying on *Stout,* we held that the notice of enhancement does not need to be given prior to trial as long as the state would not rely on the trial evidence. It is sufficient if the state gives notice at some time prior to the hearing on the imposition of the enhanced penalty. *State v. Morton.* Therefore, in the context of this guilty plea proceeding where there was no trial, the notice simply had to be given before the court proceeded to hear the issue of whether defendant's sentence should be enhanced. This being the case, we find no prohibition to remanding the case for a new sentencing hearing now that defendant has had notice that the state seeks enhancement.

■ Defendant contends that double jeopardy prevents enhancement now because the state presented no "evidence" upon which the court could have made any factual findings, and because the representations made below do not fit within the statute. Defendant relies on Justice Ransom's specially concurring opinion in *State v. Henderson,* 109 N.M. 655, 789 P.2d 603 (1990), a view adopted by the court in its opinion after rehearing. However, even if it does represent a decision of the supreme court, we note *Henderson* was a death penalty case and the United States Supreme Court has applied double jeopardy principles to death penalty sentencing issues, *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), whereas their application to other sentencing matters remains an open question. *See Lockhart v. Nelson,* n. 6; *Sailor v. Scully,* 836 F.2d 118 (2d Cir.1987), *cert. denied,* 486 U.S. 1025, 108 S.Ct. 2002, 100 L.Ed.2d 233 (1988). Our supreme court has specifically

held that where a sentence enhancement is reversed on grounds of insufficient evidence, double jeopardy did not preclude a new trial on the enhancement issue. *State v. Linam,* 93 N.M. 307, 600 P.2d 253, *cert. denied,* 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed.2d 59 (1979).

 Also on the facts of this case, we do not believe it would be fair to hold that the state was required to prove the factual basis for the enhanced sentence by formal evidence below or be barred by double jeopardy principles from ever enhancing defendant's sentence. *See State v. Garcia,* 98 N.M. 186, 646 P.2d 1250 (Ct.App.1982) (where defendant leads state's attorney to believe "evidence" is not required, defendant cannot then complain of a lack of "evidence"). Defendant never called the trial court's attention to a need for formal evidence on the issue of whether defendant's sentence should be enhanced. We note the rules of evidence do not apply to sentencing proceedings before the court without a jury, SCRA 1986, 11–1101(D)(2). Likewise, we are not prepared to hold in this case that formal evidence is required. On the other hand, we also are not prepared to hold that formal evidence is not required in enhancement proceedings, at least where defendant makes a timely and specific objection to the trial court. Suffice it to say that, in this case, the matter of a lack of formal evidence was not called to the trial court's attention and we will not decide the question under these circumstances.

Because defendant was not properly notified that the state would seek enhancement of his sentence, we reverse the sentence and remand for further proceedings. If defendant seeks to withdraw his guilty plea, he shall be allowed to do so. If not, the court shall hold a hearing at which it shall allow the state to seek enhancement of defendant's sentence.

IT IS SO ORDERED.

APODACA and HARTZ, JJ., concur.