2001-NMCA-064

32 P.3d 210

STATE of New Mexico, ex rel. The TASK FORCE OF THE REGION I DRUG ENFORCEMENT COORDINATING COUNCIL, Plaintiff–Appellant,

v.

1990 FORD TRUCK NM LICENSE 111 LKM, VIN 1FTEF25N3LPA14250, Defendant,

and

Dwayne Reynolds & Roxanne Torres, Claimants–Appellees.

No. 21,243.

Court of Appeals of New Mexico.

July 17, 2001.

Patricia A. Madrid, Attorney General, David C. Hughes, Special Assistant Attorney General, Arthur W. Pepin, Assistant Attorney General, Kari E. Brandenburg, District Attorney, Albuquerque, NM, for Appellant.

Paul J. Kennedy, Kirtan Khalsa, Kennedy & Han, Albuquerque, NM, for Appellees.

*OPINION*

WECHSLER, Judge.

{1} The Task Force of the Region I Drug Enforcement Coordinating Council (the Task Force) [1] appeals from the district court's order granting summary judgment in a forfeiture action brought against Claimants' truck pursuant to the Controlled Substances Act, NMSA 1978, §§ 30–31–1 to–41 (1972, as amended through 1997). Claimants Dwayne Reynolds and Roxanne Torres are the registered owners of the truck described in the caption of the complaint as "1990 Ford Truck NM License 111 LKM, VIN 1FTEF25N3LPA14250" (truck). The Task Force argues that our Supreme Court's decision in *State v. Nunez*, 2000–NMSC–013, 129 N.M. 63, 2 P.3d 264, does not preclude it from pursuing forfeiture of the truck. Although double jeopardy does not attach to three separate incidents of trafficking cocaine which were dismissed pursuant to a guilty plea, we hold that Reynolds has a due process right to enforce the plea agreement under *Nunez*. Accordingly, we affirm the district court.

*Facts*

{2} The underlying facts of the case are not in dispute. On four different dates, February 24, 1999, March 4, 1999, March 25, 1999, and April 1, 1999, agents from the Task Force purchased cocaine from Claimant Reynolds in Sandoval County. Reynolds used the truck to deliver the cocaine to the agents. Claimant Torres was with Reynolds during at least one of the sales. The agents arrested Reynolds on April 1, 1999, and seized the truck because it was used to transport the cocaine on the four occasions.

{3} The Task Force filed the forfeiture petition under the Controlled Substances Act in this case in the Second Judicial District Court in Bernalillo County on April 30, 1999. Reynolds was subsequently indicted in the Thirteenth Judicial District Court in Sando-

val County on four counts of cocaine trafficking for the four cocaine sales. Reynolds entered into a plea agreement with the State on September 20, 1999, by which he pleaded guilty to the count of the indictment which charged him with trafficking cocaine on February 24, 1999. The court dismissed all of the remaining counts pursuant to the plea agreement. No criminal charges were filed against Torres.

{4} On January 13, 2000, Claimants moved for summary judgment in the forfeiture action on the grounds that Reynolds' conviction by guilty plea prohibited a subsequent forfeiture action in a separate proceeding under *Nunez*. The district court entered a summary judgment order on February 17, 2000, determining that the acceptance of the plea agreement in the criminal case involved double jeopardy principles as to the three crimes dismissed as a result of the plea bargain.

*Standard of Review*

{5} In reviewing the grant of a summary judgment motion, this Court considers the whole record to determine whether there is any material fact at issue. *See DeLisle v. Avallone*, 117 N.M. 602, 607, 874 P.2d 1266, 1271 (Ct.App.1994). We view the matters presented in a light most favorable to a trial on the merits. *See id.* Because there is no issue of material fact, we review whether the district court properly applied the law to the uncontradicted facts of this case. *See Farmers Ins. Co. v. Sedillo*, 2000–NMCA–094, ¶ 5, 129 N.M. 674, 11 P.3d 1236.

*Applicability of Double Jeopardy Clause*

{6} Our Supreme Court ruled in *Nunez* that the forfeiture provisions of the Controlled Substances Act are punitive in nature for double jeopardy purposes. *Nunez*, 2000–NMSC–013, ¶¶ 94, 104, 129 N.M. 63, 2 P.3d 264. Therefore, to avoid operation of the double jeopardy protections of the New Mexico Constitution, a complaint for civil forfeiture must be combined with criminal charges for violations of the Controlled Substances

1. There was some question during briefing as to whether the Task Force was an entity of the State of New Mexico. Because that matter was resolved during briefing, we consider the Task Force to be an entity of the State of New Mexico for the purposes of this case.

Act in a single proceeding. *Id.* Hence, Claimants contend that the double jeopardy protections established in *Nunez* apply in this case because the facts underlying the forfeiture proceeding were the subject of criminal charges in the criminal case, and, under *Nunez,* "the New Mexico Double Jeopardy Clause forbids the prosecution of the same infraction in two separate proceedings." *Id.* ¶ 30. In support of their double jeopardy claim, Claimants also argue that double jeopardy protections entitled them to have their trial completed " 'by a particular tribunal,' " *County of Los Alamos v. Tapia,* 109 N.M. 736, 742, 790 P.2d 1017, 1023 (1990) (quoting *United States v. Jorn,* 400 U.S. 470, 484, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971)), and to "escape embarrassment, expense and ordeal, [and] to be free from anxiety and insecurity." *County of Los Alamos,* 109 N.M. at 741, 790 P.2d at 1022.

{7} The Task Force, on the other hand, takes the position that double jeopardy protections apply only to the charge to which Defendant pleaded guilty. It argues that, because the three charges underlying the civil forfeiture based on the Controlled Substances Act were dismissed and never presented to the trier of fact, the double jeopardy clause does not prohibit pursuit of civil forfeiture. *See State v. Eden,* 108 N.M. 737, 743, 779 P.2d 114, 120 (Ct.App.1989) (holding that jeopardy attaches when the jury is impaneled or, in a bench trial, when evidence is presented).

■ {8} We must address whether jeopardy attaches to counts of a criminal indictment which are dismissed when the court accepts a plea agreement. In *Nunez,* our Supreme Court stated that "jeopardy attaches at the moment the trier of fact is empowered to make any determination regarding the defendant's innocence or guilt." *Nunez,* 2000–NMSC–013, ¶ 28, 129 N.M. 63, 2 P.3d 264. Jeopardy attaches in cases of a plea of guilty or no contest when the court accepts the plea. *Id.*

■ {9} We do not believe that jeopardy attached to the dismissed charges. Reynolds did not enter a plea with respect to those charges, and although their dismissal was part of the plea agreement approved by the court, the court did not address the charges on their merits by taking a plea or commencing trial. *See Lewis v. Warner,* 166 Ariz. 354, 802 P.2d 1053, 1056 (Ct.App.1990) (concluding that dismissal of charges prior to trial, as part of a plea agreement or otherwise, does not operate as an acquittal so as to preclude later prosecution on the grounds of double jeopardy). Although, as we later discuss, we agree with Claimants that the State could not resurrect the charges dismissed pursuant to the plea agreement, we do not reach this conclusion on double jeopardy grounds. Because we do not apply a double jeopardy analysis, we do not address the Task Force's argument based on *State v. Boeglin,* 90 N.M. 93, 559 P.2d 1220 (Ct.App. 1977).

*Enforcement of Plea Agreement*

■ {10} Although we determine that double jeopardy principles do not apply in this case, the fundamental nature of forfeiture under New Mexico's Controlled Substances Act as defined in *Nunez* compels our conclusion that the Task Force cannot pursue forfeiture of Claimants' truck based upon the trafficking counts dismissed pursuant to Reynolds' plea agreement with the State. *See State v. Torres,* 1999–NMSC–010, ¶ 22, 127 N.M. 20, 976 P.2d 20 (stating that appellate court may affirm on grounds not relied on by the district court unless those grounds rely upon facts that the appellant did not have an opportunity to address below). Absent constitutional or statutory invalidity, plea agreements accepted by the district court are binding upon both parties. *State v. Santillanes,* 98 N.M. 448, 451, 649 P.2d 516, 519 (Ct.App.1982). Additionally, a defendant has a due process right to enforce a plea agreement with the state that includes the dismissal of charges. *See State v. Trammel,* 100 N.M. 543, 546, 673 P.2d 827, 830 (Ct.App. 1983). Addressing this situation, the Supreme Court of Wisconsin stated that "when the prosecutor on behalf of the sovereign state has contracted with an accused to dismiss charges and the court has dismissed the charges, a 'subsequent reprosecution of a charge dismissed as a result of a plea bargain is barred by elementary due process.' "

*State v. Comstock,* 168 Wis.2d 915, 485 N.W.2d 354, 368 (1992) (quoting *Nelson v. State,* 53 Wis.2d 769, 193 N.W.2d 704, 708 (1972)). We agree with the Wisconsin Supreme Court that allowing the state to reprosecute a defendant on charges that were dismissed based upon a valid plea agreement violates elementary principles of due process.

{11} When we review the circumstances of the case before us, we apply due process principles to conclude that the Task Force could not bring a civil forfeiture claim under the Controlled Substances Act based upon the facts underlying the dismissed criminal charges. Our Supreme Court clearly stated in *Nunez* that the Controlled Substances Act's forfeiture provisions are decidedly punitive for double jeopardy purposes and that the remedial objectives of forfeitures under the Controlled Substances Act are incidental. *Nunez,* 2000–NMSC–013, ¶ 94, 129 N.M. 63, 2 P.3d 264. Because such forfeiture is a punitive measure, if the Task Force were allowed to pursue the forfeiture based upon the same conduct as dismissed as part of the plea agreement, the State would be seeking to punish Reynolds for conduct underlying charges it had agreed to dismiss. Nothing indicated that Reynolds had not complied with the plea agreement. Additionally, the State received the benefit of the plea agreement because it did not have to proceed to trial and expend prosecutorial resources to obtain the conviction. The State agreed not to pursue criminal penalties based upon the three counts of trafficking that were dismissed pursuant to the plea agreement. Giving consideration to *Nunez,* the Task Force's pursuit of the forfeiture proceeding requesting a punitive remedy against Reynolds is contrary to the plea agreement.

{12} We note that *Nunez* had not been decided at the time of the plea agreement, and, in all likelihood, neither the State nor Reynolds knew that forfeiture under the Controlled Substances Act was a criminal penalty at that time. As a consequence, the Task Force contends that Reynolds is attempting to exceed the benefit of his plea bargain and forfeiture should be allowed because it would only put Reynolds in the same position that he was in at the time of the plea. This apparent lack of knowledge does not affect our conclusion. Our Supreme Court determined in *Nunez* that forfeiture based on the Controlled Substances Act is a punitive measure and applied its decision retroactively to all pending cases at the time that the opinion was filed. *Id.* ¶ 116. Reynolds has a due process right to enforce the plea agreement between himself and the State as long as he maintains his part of the agreement. The State, through the Task Force, would violate that agreement if it were to pursue against Reynolds measures our Supreme Court has determined to be punitive.

{13} Nor do we agree with the Task Force that *State v. Smith,* 110 N.M. 534, 536–37, 797 P.2d 984, 986–87 (Ct.App.1990), discussed by the parties in briefing, is applicable to this case. In *Smith,* we reversed the defendant's sentence because the defendant had not been properly advised that the state would seek to enhance the sentence. *Id.* at 537, 797 P.2d at 987. We held that the defendant was not entitled to specific performance on remand of the judge's statements regarding defendant's potential sentence when he pleaded guilty. *Id.* at 535–36, 797 P.2d at 985–86. In this case, the district court did, in effect, order specific performance of the plea agreement by dismissing the case. This result was proper for the reasons we have discussed.

{14} Moreover, in *Smith,* the defendant pleaded guilty without a plea agreement in place. *Id.* at 536, 797 P.2d at 986. Although we offered an opinion as to whether a plea agreement would have made a difference, our determination that it would not have altered the result is limited to the facts of that case. In any event, the Task Force has not included the plea agreement from the criminal case in the record. We will therefore assume that whatever occurred in the criminal case supports the district court's actions in the present case. *See Reeves v. Wimberly,* 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct.App.1988) ("Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the district court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered."). Therefore, we refuse to

assume, as argued by the Task Force, that Reynolds would be in the same position as he would have been if the Task Force were permitted to proceed.

### Reopening of Forfeiture Case

{15} *Nunez* allows the State to move in a pending case to set aside a default forfeiture judgment previously obtained so that the State can proceed in one bifurcated criminal trial. *Nunez*, 2000–NMSC–013, ¶ 125, 129 N.M. 63, 2 P.3d 264. The Task Force argues that it should be allowed to reopen the criminal case and attach the forfeiture case under procedures for setting aside a forfeiture set forth in *Nunez*. *Id.* ¶¶ 122, 123, 124. These procedures, however, apply when the defendant did not appear in the forfeiture proceeding and default was entered. In such situations, under Rule 1–055(C) NMRA 2001 or Rule 1–060(B) NMRA 2001, the State could pursue setting aside default judgments in forfeiture cases based on the Controlled Substances Act to avoid double jeopardy concerns. However, there was no default in this forfeiture case. To the contrary, Claimants diligently pursued their claim that the forfeiture complaint against their truck violated the double jeopardy principles set forth in *Nunez*. Moreover, there is no procedure in criminal cases analogous to Rule 1–055(C) or Rule 1–060(B) for setting aside a proper plea agreement. Rather, as we have discussed, the State is bound by that agreement unless Reynolds violates his part of it. *Santillanes*, 98 N.M. at 451, 649 P.2d at 519. Neither the State nor the Task Force may move to reopen the plea agreement in order to be able to pursue the Controlled Substances Act forfeiture against Claimants' truck.

### Forfeiture Claim Against Torres

{16} Finally, the Task Force points out that Claimant Torres was never prosecuted for trafficking and that double jeopardy principles therefore cannot apply to her. Our review of the record, including the response to the motion for summary judgment and the transcripts of the hearings before the district court, indicate that this argument was never raised to the district court and is therefore not preserved for our review. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987). As a result, we affirm the district court's decision to grant summary judgment as to both Claimants in this case.

### Conclusion

{17} Double jeopardy principles do not apply to the attempts by the Task Force to pursue a forfeiture under the Controlled Substances Act of Claimants' truck under the facts of this case. However, because Reynolds has a due process right to enforce his plea agreement with the State, including the State's agreement not to pursue criminal penalties against Reynolds based upon the counts that were dismissed, due process principles bar the Task Force from pursuing the forfeiture of Claimants' truck. We affirm the district court's summary judgment.

{18} **IT IS SO ORDERED.**

WE CONCUR: M. CHRISTINA ARMIJO, Judge and CELIA FOY CASTILLO, Judge.