This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40836**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**DOMINIC JAMES MARTINEZ,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt Marie Baca-Miller, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Solicitor General
Albuquerque, NM

for Appellee

The Law Office of Scott M. Davidson, Ph.D.
Scott M. Davidson
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**　This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** On appeal, Defendant challenges the district court's designation of his conviction for third degree vehicular homicide (reckless driving) as a serious violent offense for the purposes of the Earned Meritorious Deductions Act (the EMDA), NMSA 1978, § 33-2-34 (2015). [BIC 6] Specifically, Defendant asserts that the district court abused its discretion when it premised its serious violent offense determination on the specific speed that he was driving at the time of the collision because there was insufficient evidence in the record proper to support that determination. [BIC 28-33]

**{3}** "We review the [district] court's ruling for an abuse of discretion." *State v. Lavone*, 2011-NMCA-084, ¶ 5, 150 N.M. 473, 261 P.3d 1105. "A court abuses its discretion if it acts contrary to law or when its decision is not supported by substantial evidence." *Id.* "In conducting our review for abuse of discretion, we consider whether the court's serious violent offense designation is supported by sufficient evidence, free of legal error, and reflects a reasonable choice among alternatives." *Id.*

**{4}** In the present case, after a fatal collision, Defendant was charged with two counts of homicide by vehicle (reckless driving), contrary to NMSA 1978, Section 66-8-101(A) (2016), and two counts of great bodily harm by vehicle (reckless driving), contrary to Section 66-8-101(B). [BIC 9; AB 2] Defendant was driving at a high rate of speed at approximately 10:00 p.m. when he hit another car making a left-hand turn, killing both occupants. [BIC 10; AB 2] The two passengers in Defendant's vehicle were also seriously injured. [BIC 10; AB 2] Defendant ultimately entered into a plea and disposition agreement, in which he pled no contest to all four counts. [BIC 15; AB 3] The plea agreement specified that each offense is "an optional serious violent offense." [BIC 15; AB 4; RP 125-26] In addition, the plea agreement stated that "[i]f . . . [D]efendant is incarcerated on a '[s]erious [v]iolent [o]ffense' pursuant to [Section] 33-2-34 . . ., as amended, then the provisions of the statute as to earned meritorious deductions will apply." [RP 126]

**{5}** Before the sentencing hearing, each party presented a sentencing memorandum to the district court. [RP 138-44, 145-51] At the hearing, the district court indicated that it had reviewed the sentencing memorandums and the presentence report, which included at least one police report. [6/22/22 CD 9:05:35-05:55] Ultimately, the district court found that only Count 1—homicide by vehicle (reckless driving)—was a serious violent offense. [BIC 22; AB 7; 6/22/22 CD 12:11:10-12:30] Defendant appeals the district court's decision regarding the serious violent offense.

**{6}** Under Section 33-2-34, a prisoner may earn meritorious deductions under certain circumstances. If the offense is a nonviolent offense, the defendant may earn up to thirty days per month of time served. *See* § 33-2-34(A)(2). If, however, the offense is designated as a serious violent offense, the sentence reduction is limited to no more than four days per month of time served. *See* § 33-2-34(A)(1). "Under the EMDA, some offenses are per se serious violent offenses, while other listed offenses may, in the court's discretion, be found to be so." *Lavone*, 2011-NMCA-084, ¶ 4. Section 33-2-34(L)(4)(o) lists several "specific crimes that may be considered serious violent offenses when the nature of the offense and the resulting harm are such that the court judges the

crime to be a serious violent offense." *State v. Solano*, 2009-NMCA-098, ¶ 9, 146 N.M. 831, 215 P.3d 769 (internal quotation marks and citation omitted). Included among these discretionary serious violent offenses, are "third degree homicide by vehicle or great bodily harm by vehicle." Section 33-2-34(L)(4)(o). "In order to designate the conduct of a particular defendant as a serious violent offense under the discretionary category, the district court must determine that the crime was committed in a physically violent manner either with an intent to do serious harm or with recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *Solano*, 2009-NMCA-098, ¶ 10 (internal quotation marks and citation omitted). "This factual basis for designation of a serious violent offense must be reflected in findings made by the district court." *Id.*

**{7}** Defendant argues that in order to designate a crime as a serious violent offense "[t]he district court's finding must be grounded in adequate evidentiary facts" and that, in this case, the State failed to present sufficient facts to support the district court's determination. [BIC 29-31] Specifically, Defendant contends that "[t]he State never presented any testimony or documentary evidence to support the claim that [Defendant] was going 111 mph, or 97 mph at the time of the collision." [BIC 31] Defendant claims that the State had "listed several witnesses in its pre-trial witness lists, [but] failed to present any testimony from any of these witnesses at sentencing to support its unfounded claim [regarding his speed]." [BIC 31]

**{8}** In response, the State argues that Defendant failed to raise this issue before the district court. Specifically, the State argues that Defendant's argument "is unpreserved because he never objected to the State's reliance on his speeds, never submitted contrary evidence, and never challenged the district court's reliance on the speeds." [AB 10] Based on our review of the record proper, we agree with the State.

**{9}** A similar issue was raised in *State v. Smith*, 1990-NMCA-082, ¶¶ 1, 9, 110 N.M. 534, 797 P.2d 984, where the defendant argued that the State did not present evidence on which the district court could have concluded that the victim was over the age of sixty. This Court explained that the defendant "never called the [district] court's attention to a need for formal evidence on the issue of whether [the] defendant's sentence should be enhanced." *Id.* ¶ 10. As such, this Court held that, on the facts of the case, "the matter of a lack of formal evidence was not called to the trial court's attention and we will not decide the question under these circumstances." *Id.*

**{10}** We believe that the case before us is analogous to *Smith*. The State's sentencing memorandum expressly stated that "[t]he airbag control model (ACM) was retrieved from [Defendant's vehicle]," and it "showed [Defendant's vehicle] going 111 mph 5 seconds prior to the collision, and 97 mph a half second prior to the collision. The speed limit on the portion of Irving is 35 mph." [RP 145] In addition, during the sentencing hearing, the State, in its opening, stated that Defendant was driving "at a very high speed and the [ACM] indicated 111 mph 5 seconds prior to impact when he struck the vehicle." [6/22/22 CD 9:04:10-04:34] Although this statement regarding Defendant's speed at the time of the collision had been brought up by the State two separate times,

Defendant did not directly or implicitly object to it. Rather, Defendant, at the sentencing hearing, merely argued that he did "not believe the State has brought forth the evidence necessary to designate these charges as serious violent offenses." [6/22/22 CD 11:44:18-44:32] Beyond this statement, Defendant did not object to or contradict any facts asserted by the State. As such, Defendant did not call the district court's attention to a need for formal evidence to support the statement regarding his speed. *See Smith*, 1990-NMCA-082, ¶ 10; *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Accordingly, we conclude that the district court did not abuse its discretion. *See Smith*, 1990-NMCA-082, ¶ 10; *State v. Nash*, 2007-NMCA-141, ¶¶ 6, 9, 142 N.M. 754, 170 P.3d 533 (concluding that the district court did not abuse its discretion when it considered the defense counsel's statement regarding the validity of the defendant's prior DWI conviction because the state failed to raise the issue before the district court).

**{11}** Moreover, the record proper indicates that the district court considered multiple factors, not just Defendant's speed, when making its determination that Count 1— homicide by vehicle (reckless driving)—was a serious violent offense. *See Lavone*, 2011-NMCA-084, ¶ 5; *id.* ¶ 8 (explaining that "[t]he determination [that an offense is a serious violent offense] is highly dependent on the 'particular factual context' of the case" (citation omitted)). "In the sentencing context, generally, a district court must consider many factors when it makes a sentencing determination, and the court is given broad discretion to fashion a sentence appropriate to the offense and the offender." *Id.* ¶ 9 (internal quotation marks and citation omitted).

**{12}** Here, the district court took into consideration the sentencing memoranda from both the State and Defendant as well as the statements from the victims' families. [6/22/22 CD 9:05:35-05:55] In his sentencing memorandum, the Defendant acknowledged that "he made a terrible and reckless decision to drive at high speed" and that his "decision to speed on a neighborhood street was the proximate cause of the[] deaths and injuries[.]" [RP 138-39] In making its determination that Defendant's offense was a serious violent one, the district court explained:

> [D]efendant committed [C]ount 1 in a physically violent manner, and with recklessness with knowledge that his acts were reasonably likely to result in serious harm for the following reasons. Defendant struck the passenger side of a vehicle occupied by [the victim] violently colliding into that side of the vehicle. Defendant was driving 111 mph in a 35 mph zone, through an intersection in a residential neighborhood. There were businesses in the area, and it was around 10:00 [p].[m]., after dark and occurred the Wednesday before the Thanksgiving Holiday, a time and date that other motorists were likely to be on the roadways. Defendant had alcohol and [m]arijuana in his system. Defendant had two prior speeding tickets.

[RP 159] Taking into consideration the factual context of this case, we conclude that the district court appropriately acted within its discretion in determining that Defendant's offense was a serious violent offense. *See id.* ¶ 8. Defendant's conduct of driving at a high speed, at night, in a residential neighborhood the night before Thanksgiving constituted "recklessness in the face of knowledge that one's acts are reasonably likely to result in serious harm." *Solano*, 2009-NMCA-098, ¶ 10 (internal quotation marks and citation omitted).

**{13}** For the foregoing reasons, we affirm the district court's designation of Defendant's crime for homicide by vehicle as a serious violent offense.

**{14} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**