720 P.2d 709

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Albert Davis APACHE,
Defendant-Appellant.**

No. 8956.

Court of Appeals of New Mexico.

May 22, 1986.

Jacquelyn Robins, Chief Public Defender, David Stafford, Appellate Defender, Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Peter S. Kierst, Ass't Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

MINZNER, Judge.

Defendant appeals from an order revoking the suspension of his sentence, contending that the trial court lacked jurisdiction to revoke his probation. Relying on NMSA 1978, Sections 31–20–8 and 31–21–15(B) (Repl.Pamp.1981), defendant claims he should have been credited for all of the time during which the trial court found him to have been a fugitive. Defendant asks us to hold that Section 31–21–15(C) is not applicable because the determination that he was a fugitive was untimely. Defendant also claims that there is insufficient evidence to support the finding that he was a fugitive. We affirm.

**Facts**

Defendant pled guilty to commercial burglary and larceny. On January 28, 1983, he was sentenced to twenty-four months imprisonment. The sentence was suspended, and probation was imposed for the twenty-four month period.

The record indicates that defendant violated the conditions of his probation on two occasions. After the first revocation hearing, the trial court continued defendant's probation on the condition that he attend a rehabilitation program in Denver, Colorado

and on the additional conditions that defendant was not to leave Bernalillo County without court permission, that he was to keep his attorney informed of his whereabouts and of any changes in his work or home address, and that he was to call his probation officer upon his arrival at the rehabilitation center in Denver. Defendant never reported to the rehabilitation center.

Defendant's probation officer, George Drake, testified that he began efforts to locate defendant after he failed to pick up a travel permit necessary for him to go to the rehabilitation center in Denver. Defendant arrived at Drake's office after hours on January 31, 1984, and was told to come back the next day, but failed to do so. Drake called defendant's sister, who lives in Albuquerque and with whom defendant had said he was staying, when he visited Drake's office. Defendant's sister told Drake that defendant was not at her home and that she did not know where he was. Drake next went to an Albuquerque motel, which he believed to be defendant's last known residence, but he was told that defendant was no longer there.

The trial court received a probation violation report dated February 10, 1984. A bench warrant issued February 24, 1984.

A warrant officer for the Albuquerque Police Department testified that he followed standard procedures after he received the warrant. The police department's most recent address for defendant was in Socorro, and a bulletin was sent there. In addition, on February 29, 1984, he listed the warrant for defendant's arrest with the National Crime Information Center. Six months later, having received no response from Socorro authorities, another bulletin was sent there.

Defendant was arrested by the Albuquerque Police on August 21, 1985. At the second probation revocation hearing, defendant admitted violating the terms of his probation.

The trial court found that defendant's term of probation was effectively tolled from February 10, 1984 until August 21, 1985, at which time more than eleven months remained of the term. Defendant was sentenced to imprisonment and credited for presentence confinement and time served on probation.

**Alleged Jurisdictional Error.**

Section 31–20–8 provides that whenever a period of suspension expires without revocation of the order, the probationer has satisfied his criminal liability for the crime and is relieved of any obligations imposed on him by the order. This court has construed identical language in NMSA 1978, Section 31–20–9 (Repl.Pamp.1981), relating to deferred sentences, as terminating the court's authority to revoke probation beyond the expiration of the probation term. *See State v. Travarez*, 99 N.M. 309, 657 P.2d 636 (Ct.App.1983).

As defendant acknowledges, however, Section 31–21–15(C) effectively permits the probationary term to be tolled whenever a probationer has absconded from supervision and "it is found that a warrant for the return of a probationer cannot be served * * * *" *State v. Kenneman*, 98 N.M. 794, 653 P.2d 170 (Ct.App.1982); *State v. Murray*, 81 N.M. 445, 468 P.2d 416 (Ct. App.1970). In such instances, the probationer is denied credit for that portion of his probation during which the court determines the defendant to have been a fugitive. *Id.* In enacting Section 31–21–15(C), the legislature intended to ensure that probationers could not defeat the trial court's authority to revoke probation by absconding from the jurisdiction. In *Travarez*, Section 31–21–15(C) was not applicable.

Defendant contends the probationary term may be tolled only if prior to the expiration of the probationary term there has been a judicial determination that the bench warrant cannot be served and that the probationer is therefore a fugitive. *See* Section 31–21–15(C), which states: "If it is *found* that a warrant for the return of a probationer cannot be served, the probationer is a fugitive * * * *" (Emphasis added.)

In construing statutes, courts must look to the language used in the act

or statute as a whole. *Arnold v. State,* 94 N.M. 381, 610 P.2d 1210 (1980). In its entirety, Section 31–21–15(C) provides:

> If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. *After hearing upon return,* if it appears that he has violated the provisions of his release, the court shall determine whether the time from the date of violation to the date of his arrest, or any part of it, shall be counted as time served on probation. (Emphasis added.)

It would be contrary to the express language of Section 31–21–15(C), and a violation of constitutional due process, for a trial court to revoke a probationer's probation, *in absentia,* when the probationer has absconded from the jurisdiction. *See State v. Vigil,* 97 N.M. 749, 643 P.2d 618 (Ct.App. 1982). It is likewise implicit in the statute that the judicial determination of fugitive status shall be made only after the probationer has been found and brought before the court, regardless of whether this occurs before or after the date on which probation was originally to have expired. *See also* Section 31–21–15(A)(1), which includes no provision for a separate judicial determination of fugitive status.

Defendant's argument relies on a technical construction of the statutory language. Such a construction would be contrary to the legislature's intent because it would defeat the object of the legislation. *See State v. Nance,* 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied,* 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). For this reason, we reject the argument. *See State v. Davis,* 104 N.M. 229, 719 P.2d 807 (1986).

**Sufficiency of the Evidence**

There was no evidence that Socorro authorities actually received the teletype messages or that they in fact attempted to serve the warrant. Defendant contends that the lack of such evidence amounts to a failure of proof because Section 31–21–15(C) requires a finding that the arrest warrant "cannot be served."

Such evidence was not necessary. *Cf. State v. Garcia,* 98 N.M. 186, 646 P.2d 1250 (Ct.App.1982) (rejecting a similar argument under NMSA 1978, Section 31–6–11(B) (Repl.Pamp.1981)). Section 31–21–15(C) requires that the court determine, as a factual matter, that the warrant could not be served. The court's decision must be affirmed if supported by substantial evidence. *Id.*

In determining sufficiency of the evidence, all disputed facts are resolved in favor of the decision below, all reasonable inferences are indulged in support of that decision, and all inferences to the contrary are disregarded. *State v. Martinez,* 95 N.M. 445, 623 P.2d 565 (1981).

■ Here, the trial court found that the arrest warrant was issued and placed in the normal channels for service. Defendant presented no evidence that he had in fact resided at the Socorro address. Conversely, however, he did admit violating the terms and conditions of his probation by (1) failing to report to a residential treatment program, (2) failing to submit monthly reports, (3) changing addresses without written permission, and (4) absconding from supervision. The evidence and the inferences therefrom adequately support the trial court's determination that defendant was a fugitive within the meaning of Section 31–21–15(C).

**Conclusion**

No other argument having been raised on appeal, we hold that there was sufficient evidence to support the trial court's ruling that defendant was not entitled to credit for all of the time he was found to have been a fugitive. The order revoking defendant's suspended sentence is affirmed.

IT IS SO ORDERED.

HENDLEY, C.J., and ALARID, J., concur.