This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                                      NO. 30,617

**DANA WITHROW,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals the revocation of his probation. This Court issued a notice of proposed summary disposition, proposing to affirm. Defendant responded with a memorandum in opposition, and we issued a second notice of proposed summary disposition, in which we again proposed to affirm. Defendant has responded with a second memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we affirm.

In this Court's second notice of proposed summary disposition, we proposed to hold that: (1) the district court had subject matter jurisdiction to hold a hearing to determine whether Defendant was a fugitive, *see State v. Apache*, 104 N.M. 290, 292, 720 P.2d 709, 711 (Ct. App. 1986) (stating that a "judicial determination of fugitive status shall be made only after the probationer has been found and brought before the court, regardless of whether this occurs before or after the date on which probation was originally to have expired"); (2) substantial evidence supported a determination that Defendant was a fugitive based on a finding that attempts to serve him would have been futile, such that the district court had subject matter jurisdiction to revoke Defendant's probation, *see id.* (holding that there was substantial evidence that the defendant was a fugitive when a warrant was issued and placed in the NCIC database and the defendant admitted to absconding from supervision and changing residences without permission); (3) the district court's refusal to permit Defendant to introduce

evidence that the State did not attempt to serve the warrant was either not reserved for appeal since it was not expressly reserved in Defendant's guilty plea or in the district court's judgment, or was not reversible error because there was sufficient evidence to support a conclusion that any attempt to serve him would have been futile; and (4) the district court could refuse to give Defendant credit for time served on probation from the date that Defendant absconded from probation, rather than from the date he became a fugitive, *see* NMSA 1978, § 31-21-15(C) (1989) ("After hearing upon return, if it appears that [the probationer] has violated the provisions of his release, the court shall determine whether *the time from the date of violation* to the date of his arrest, or any part of it, shall be counted as time served on probation." (Emphasis added.)).

In Defendant's second memorandum in opposition, he responds to only two aspects of this Court's second proposed summary disposition. First, he states that Defendant entered into a conditional plea agreement that reserved for appeal both the denial of his motion to dismiss for lack of jurisdiction and the denial of his motion to reopen the evidence so that he could present testimony that the State did not attempt to serve the bench warrant after entering it into the NCIC database. [2nd MIO 1] He cites to the plea agreement in support of this assertion but, contrary to Rule 5-304(A)(2) NMRA, the agreement does not expressly reserve "in writing" the right

to appeal "any specified pre-trial motion," and the judgment does not provide any indication that the plea was conditional or that any specified issues were reserved. [RP 176-80, 183] However, assuming that there is evidence of record during the plea hearing that would support Defendant's assertion, *see State v. Hodge*, 118 N.M. 410, 417, 882 P.2d 1, 8 (1994) (stating that an appellate court can recognize a conditional plea without written evidence when the record reveals that the defendant has met the requirements for a conditional plea), it would not affect our proposed disposition. We have addressed the merits of Defendant's arguments regarding the district court's lack of subject matter jurisdiction, as we may do so regardless of whether they have been reserved for appeal. *See State v. Garcia*, 2005-NMCA-065, ¶ 6, 137 N.M. 583, 113 P.3d 406 (stating that challenges to a district court's subject matter jurisdiction cannot be waived and may therefore be raised for the first time on appeal). With respect to Defendant's argument that the district court erred in refusing to permit him to reopen the motion to dismiss in order to present evidence that the State did not attempt to serve the warrant, we stated in our second notice of proposed summary disposition that even if this issue had been reserved for appeal, it would not warrant reversal where the State need not have made efforts to serve the warrant because there was substantial evidence to support a conclusion that such an attempt would have been futile. *See State v. Jimenez*, 2004-NMSC-012, ¶ 8, 135 N.M. 442, 90 P.3d 461

4

(stating that pursuant to Section 31-21-15(C), a defendant is a fugitive *either* if the state unsuccessfully attempted to serve the bench warrant on the defendant *or* if any attempt to serve the defendant would have been futile). As Defendant's second memorandum in opposition does not provide this Court with any reason to believe that our conclusion regarding the sufficiency of the evidence on the issue of futility was erroneous, Defendant has not established that reversal is warranted. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

The second point Defendant raises in his second memorandum in opposition is that in entering his guilty plea to absconding from probation, Defendant did not "concede" that any effort to locate him after the issuance of the bench warrant would have been futile. [2nd MIO 1-2] However, this Court did not propose to conclude that Defendant had made such a concession. Instead, we stated that the evidence that the State entered the warrant into the NCIC database [DS 4; RP 139], combined with Defendant's no contest plea to the State's allegations that Defendant absconded from probation, that Defendant's probation officer attempted to locate him at his last known residence on one date, and then attempted to locate him at two other possible locations where he might be staying on two other dates, and that Defendant's location was

unknown to the State as of April 2009 [RP 123, 183], and the district court's finding that when Defendant was finally arrested in January 2010, he was arrested by the Unified Police Department in Utah [RP 178], was substantial evidence to support a finding that an attempt to serve the warrant would have been futile since the State did not know where Defendant was. *See Apache*, 104 N.M. at 292, 720 P.2d at 711 (holding that there was substantial evidence that the defendant was a fugitive when a warrant was issued and placed in the NCIC database and the defendant admitted to absconding from supervision and changing residences without permission). Defendant has not challenged our conclusion that this evidence was sufficient to support the district court's finding, and we now hold that it was. *Hennessy*, 1998-NMCA-036, ¶ 24 (indicating that the party opposing a proposed summary disposition has the burden of pointing out any errors of fact or law).

Therefore, for the reasons stated in this opinion and in our first and second notices of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Chief Judge**

6

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**JONATHAN B. SUTIN, Judge**