This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39160**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**HENRY JONES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** After entering a no contest plea, Defendant Henry Jones received a suspended sentence and five years of probation. Defendant's probation was revoked on July 15, 2020, the district court found him to be a fugitive, and he was sentenced to four years imprisonment. Defendant appeals, and we affirm in part, reverse in part, and remand for recalculation of Defendant's sentence.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history, we discuss the facts only as they become necessary to our analysis.

**DISCUSSION**

**{3}** Defendant challenges (1) the sufficiency of the evidence supporting a willful violation of his probation, and (2) the sufficiency of the evidence supporting a finding that Defendant was a fugitive. We address each issue in turn.

**I.      Sufficient Evidence Supported the Finding That Defendant Violated the Conditions of Probation**

**{4}** When reviewing the sufficiency of the evidence supporting a probation violation, we first "view the evidence in a light most favorable to the prosecution, indulging all reasonable inferences and resolving all conflicts to uphold the trial court's decision." *In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339. The burden to establish a probation violation "with a reasonable certainty" is on the State, which "must introduce evidence that a reasonable and impartial mind would be inclined to conclude that the defendant has violated the terms of probation." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. Any probation violation "must entail willful conduct on the part of the probationer," and if the violation "resulted from factors beyond a probationer's control, probation may not be revoked." *State v. Williams*, 2021-NMCA-021, ¶ 6, 489 P.3d 949 (alteration, internal quotation marks, and citations omitted).

**{5}** The terms of Defendant's probation (1) stated that "[u]pon acceptance, [D]efendant may transfer his probation to the [s]tate of Tennessee," and (2) required him to pay certain fees and fines. Defendant admits that Tennessee denied his application to transfer, that he did not return to New Mexico, and that he did not pay the fees and fines. Defendant argues, however, that he did not willfully fail to either return to New Mexico after his transfer was denied or to make the payments. We turn to consider the evidence presented at the revocation hearing.

**{6}** Defendant testified that he knew in 2016 that the transfer had been denied but that he never received a travel permit or instructions to return to New Mexico and believed he could not leave Tennessee without a travel permit. Instead, Defendant explained that he thought his probation officer was working to submit another transfer application. Defendant continued to work and reside in Tennessee until his arrest at a roadblock in December 2019. In addition, Defendant maintained that he attempted to pay the fees at the Tennessee office but that the office would not accept payment because the transfer of probation had not yet been accepted. Defendant's position on appeal is that the violation was not willful because he had no travel permit, and Tennessee refused to accept his payment.

**{7}** The district court, however, rejected Defendant's testimony and found the probation officer's testimony to be credible. The probation officer testified that

Defendant was permitted to return to Tennessee while the transfer was pending acceptance by both Tennessee and New Mexico. After Tennessee denied the transfer, the probation officer ordered Defendant to return to New Mexico and granted him an extension of time to make the trip. The probation officer confirmed that Defendant understood he had to return to New Mexico. The Tennessee probation office issued a notice of departure and case closure, and the probation officer presumed that Tennessee had provided Defendant with a travel permit. Defendant did not report to the New Mexico probation office and did not pay the fees and fines. This evidence supports a finding that the violation was willful, and not resulting from factors outside of Defendant's control. Defendant knew he had to return to New Mexico and knew that Tennessee would not accept payment. Although we recognize that Defendant testified that he believed he needed a travel permit, Defendant did nothing to remedy the lack of a travel permit. *See State v. Martinez*, 1989-NMCA-036, ¶¶ 8-10, 108 N.M. 604, 775 P.2d 1321 (upholding a willful violation where the defendant was arrested while on probation over a long weekend, tried to call the probation office but it was closed, and "did nothing after his initial attempt because he figured it was already too late"). Regardless, the district court generally rejected Defendant's testimony. *See State v. Armijo*, 2005-NMCA-010, ¶ 4, 136 N.M. 723, 104 P.3d 1114 (observing that "it is for the fact-finder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence; we will not substitute our judgment as to such matters"). As to payment of the fees and fines, the terms of Defendant's probation stated that the fees and fines were to be paid to the district court clerk. Defendant does not explain how his attempt to pay at the Tennessee probation office could be construed as compliance with these terms.

**{8}** We hold that the State presented sufficient evidence to establish a willful probation violation with reasonable certainty. The district court heard evidence—and determined it to be credible—that Defendant knew he was required to return to New Mexico and did not and that he knew he was required to pay fees and fines and did not. We therefore affirm the district court.

## II. Insufficient Evidence Supported the District Court's Finding That Defendant Was a Fugitive Prior to His Arrest

**{9}** On revocation of probation, Defendant's exposure was ten years and six months. The district court determined that Defendant had been a fugitive between December 29, 2016 and December 15, 2019, and excluded that period from the credit Defendant received toward his sentence. After probation is revoked, "[a] defendant is entitled to credit for any time on probation, unless the [s]tate can show either (1) it unsuccessfully attempted to serve [a] warrant on the defendant *or* (2) any attempt to serve the defendant would have been futile." *State v. Jimenez*, 2004-NMSC-012, ¶ 8, 135 N.M. 442, 90 P.3d 461; *see* NMSA 1978, § 31-21-15(C) (2016) ("If it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice."); *see also State v. Thomas*, 1991-NMCA-131, ¶ 10, 113 N.M. 298, 825 P.2d 213 ("[W]e believe the state is required, at a minimum, to show that the state attempted to serve the warrant but was unable to or that it would have failed to serve the warrant if

it had attempted to do so."), *overruled on other grounds by Jimenez*, 2004-NMSC-012, ¶ 11. In addition, "[t]he state must ordinarily prove that it issued a warrant for the probationer's arrest and entered it in the National Crime Information Center (NCIC) database in order to support a finding of fugitive status." *State v. Neal*, 2007-NMCA-086, ¶ 31, 142 N.M. 487, 167 P.3d 935. Defendant contends that the State (1) made no effort to serve the warrant, (2) failed to prove that the warrant was actually entered into the NCIC database, and (3) failed to prove that any attempt to serve would have been futile. The State does not dispute that the probation officer never attempted to contact Defendant after the warrant was issued and before his arrest. Instead, the State maintains the evidence sufficiently demonstrated that the warrant was entered into the NCIC database. The State further argues that attempting to serve the warrant would have been futile because New Mexico law enforcement cannot execute an arrest warrant on an individual residing out of jurisdiction, and that by issuing the case closure, Tennessee signaled that it would take no further action on the case.

**{10}** We review the record "to determine whether there was a sufficient showing to support the district court's implicit finding that the warrant could not be served on [the] defendant." *Jimenez*, 2004-NMSC-012, ¶ 14 (alteration, internal quotation marks, and citation omitted). Although we agree with the State that the evidence supported a conclusion that the warrant was entered into the NCIC database, *see Neal*, 2007-NMCA-086, ¶ 32 (concluding the probation officer's testimony that she believed the warrant was entered into NCIC "just like any other normal warrant would be" was sufficient (internal quotation marks omitted)), we ultimately conclude that the evidence did not support a conclusion that any attempt to serve Defendant would have been futile, because the State did not establish that it attempted to serve the warrant or that Defendant's whereabouts were unknown. *See id.* ¶ 33.

**{11}** The State "must present some evidence that raises a reasonable inference that the warrant could not be served with reasonable diligence." *Id.* ¶ 34 (internal quotation marks and citation omitted). In *Neal*, the record showed no evidence "indicating that the [s]tate attempted to serve the warrant or that [the d]efendant's location was unknown during the period in question." *Id.* ¶ 33. As a result, the state in *Neal* made an insufficient showing "to support a finding that it would have been futile for the [s]tate to attempt to serve [the d]efendant." *Id.* ¶ 34. In the present case, the probation officer testified that after the warrant was issued, he did not attempt to contact Defendant directly or indirectly. The probation officer explained that he had no contact with Defendant after the warrant was issued but before the warrant was served. Defendant testified that he resided with his mother, at a known address, from the time he went to Tennessee until his arrest. The probation officer had that address listed on the petition to revoke probation, which was submitted to the district court in December 2016. Nevertheless, the State made no effort to contact Defendant or serve the warrant.

**{12}** The State argues that the probation officer's testimony supports a conclusion that attempting to serve the arrest warrant would have been futile and cites *State v. McDonald*, 1991-NMCA-132, 113 N.M. 305, 825 P.2d 238, to demonstrate that neither the probation officer nor "any New Mexico law enforcement officer" could have served

the arrest warrant on Defendant. Neither *McDonald* nor the probation officer's testimony support the State's conclusion that taking no action to attempt to have the arrest warrant served constituted reasonable diligence under these circumstances. *See Neal*, 2007-NMCA-086, ¶ 34. We explain.

{13} The probation officer testified that he did not issue an "arrest and hold" because he could not enforce it outside New Mexico and that he did not inform the Tennessee probation authorities about the arrest warrant because the Tennessee case had already been closed. These explanations attempt to justify why no effort was made to serve the warrant, but fall short of establishing futility. While the State introduced evidence by way of the probation officer's testimony to establish that he could not personally serve Defendant in Tennessee, the State did not establish that the warrant could not be served with reasonable diligence simply because Defendant was residing in Tennessee, particularly when the probation officer was aware of Defendant's location. *Cf. id.* ¶ 33 (holding that even though the state entered the warrant into the NCIC database, the state's evidence was insufficient to support a finding that it would have been futile to attempt to serve the defendant because the state never attempted to serve the defendant with the warrant or prove that his location was unknown). Nor does *McDonald* provide support. The defendant in *McDonald* "could not be taken into custody under authority of the warrant because he was incarcerated in Arizona" and therefore, "the warrant could not be served." 1991-NMCA-132, ¶ 16. Unlike the defendant in *McDonald*, Defendant was not incarcerated in Tennessee, and *McDonald* is distinguishable on that basis. *Cf. State v. Apache*, 1986-NMCA-051, ¶¶ 6, 17, 104 N.M. 290, 720 P.2d 709 (affirming the district court's finding of fugitive status when the department followed standard procedures for the warrant and two bulletins were sent to the defendant's most recent address).

{14} As a result, we hold that insufficient evidence supported a finding that it would have been futile to attempt to serve Defendant with the warrant, and therefore, insufficient evidence supported a finding that Defendant was a fugitive.

**CONCLUSION**

{15} We affirm the district court's finding that Defendant violated his probation and reverse the finding that Defendant was a fugitive. We remand for entry of a sentence consistent with this opinion.

{16} **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**